BARKER, (MARKS v.)   See Case No. 9,096.

BARKER, (NELSON v.)   See Case No. 10,101.

BARKER v. NEWHALL.   See Cases Nos. 994, 995.

BARKER, (NORTON v.)   See Case No. 10,349.

## Case No. 993.

### BARKER v. PARKENHORN.

[2 Wash. C. C. 142.][1]

Circuit Court, D. Pennsylvania.   April Term, 1808.

PLEDGE—COLLATERAL ATTACK—TENDER.

1. B. pledged a vessel to P. to secure a sum of money loaned, and she was afterwards attached by another creditor of B. in the state of Delaware, and there sold under legal proceedings, P. becoming the purchaser; and after repairing her at some cost, he brought her to Philadelphia, where the plaintiff instituted this action of trover, for her recovery. *Held*, that the regularity of the proceedings in Delaware, under which the vessel was sold, cannot be inquired into in this issue.

2. The tender made by P. [B.] of the amount of the debt and interest, for which the vessel was pledged, without also tendering the expense of her repairs, was not sufficient.

3. If, when a party is about to tender a sum of money, the person to whom it is intended to pay it, declares he will not receive it, it is not necessary that the money should be actually produced.

[See Blight v. Ashley, Case No. 1,541.]

At law. This was an action of trover and conversion, to recover the value of a vessel, pledged by plaintiff with defendant to secure a sum of money loaned. The vessel, after the pledge, and whilst lying in the state of Delaware, where she was at the time she

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

was pledged, was sold under a judgment rendered by a magistrate of that state, upon an attachment of a Mr. Long against the plaintiff, and was purchased by the defendant. He found it necessary, before he could remove her, to lay out a sum of money in her repairs, after which he brought her to Philadelphia. Some time after the money was due to the defendant, the plaintiff came to Philadelphia and demanded his vessel, offering to pay the principal debt and interest due. The defendant insisted upon being paid the money he had expended on her repairs, and some other necessary sums laid out for her. The plaintiff, after some hesitation, said he would pay any legal demand, and called upon the defendant to produce his account, with the bills of what he had laid out. This the defendant refused to do, and left the house, saying he would have none of his money. A tender was made of the debt, but no money was produced by the plaintiff, for the advances of the defendant for the vessel. After this, and before the suit was brought, the plaintiff wrote to the defendant, that he had received his account, and found it extravagant, and requested a meeting on the subject. The meeting either did not take place on that day, or they met and could not agree; but no subsequent tender was made by the plaintiff. The suit was brought, after which the defendant sold the vessel. There was sufficient evidence in the cause to show, that the defendant purchased the vessel for whoever might be entitled to her, and considered himself trustee for the plaintiff.

Levy, for plaintiff, cited Cro. Jac. 245, to show that after a tender of the money due, trover will lie against pawnee. He contended that defendant is to be considered as a trustee for plaintiff, if the sale in Delaware was regular; but he insisted that the justice did not proceed regularly.

WASHINGTON, Circuit Justice. Do you admit that he had jurisdiction of the case?

Levy answered that he had some doubts, but could not prove that he had not jurisdiction.

BY THE COURT. Then you cannot, in a collateral action, object to its regularity, whilst it remains in full force.

Levy, to prove that the defendant was to be considered as a trustee, read 8 Ves. 345. In case of a pledge, if no time be fixed for redemption, pawnee cannot sell, but must obtain judgment, and levy execution on the property pledged. Plaintiff has all his life to redeem. Cro. Jac. 244. 5 C. Rob. Adm. 222. He contended, that a pawnee cannot lay out money on the pledge, so as to charge pawnor with it.

Hallowell, for defendant, admitted his client to be a trustee; but contended that plaintiff could not reclaim the property, without paying the advances made for the use of the property, as well as the original debt; and that a legal tender was not made in this case. [Plaintiff suffered a nonsuit.]

WASHINGTON, Circuit Justice. The most favourable light in which this case can be considered for the plaintiff, is, that the defendant, by the purchase under the execution, became a trustee for the plaintiff; and it is clear, that the plaintiff could not reclaim his property, without paying or tendering, as well all necessary and proper sums advanced by defendant, on account of the trust property, as the original debt and interest. The question then is, did he tender all that was due? He did not, on the first meeting, make a legal tender of anything but the debt and interest, for the money was not produced. But the defendant, by refusing to produce his account of the advances, and declaring that he would not receive the money, dispensed with the necessity of a regular tender; and of course, if the cause rested here, it would be proper to view the case as if a regular tender of all that was due had been made. But, at another day, and before suit brought, it seems that the defendant did furnish the plaintiff with his account, to which the plaintiff contented himself with objecting that it was extravagant, without objecting to opening the transactions of the former day again, and without making a new tender of what was really due, or what he thought to be so. Had he objected, on account of the former tender and refusal, we will not say what would have been the legal effect of it. But he made no such objection; and by his conduct opened the former transaction, and merely questioned the accuracy of the account. Under these circumstances, he ought again to have tendered at his peril, as much as the defendant was justly entitled to receive; and not having done this, he cannot recover in this action. Whatever is justly due to the plaintiff, he may recover in another form of action.

The plaintiff suffered a nonsuit.