## SAMUEL L. HAZARD *vs.* BARNABAS T. LORING & others.

A transfer of personal property may be shown by parol evidence to have been only a pledge, although accompanied by a bill of parcels in this form, " A. B. bought of C. D. (describing the goods,) Received Payment, C. D."

In making a tender, actual production of the money is not necessary, if the defendant refuses to receive it.

TROVER for a quantity of dry goods bought by the plaintiff of I. F. Woodman and company, January 31st, 1849. At the trial in the court of common pleas, before *Bishop,* J. it appeared that in December, 1848, the goods had been transferred to the defendants, by George C. Varney and O. M. Soper, acting for said I. F. Woodman and company, and that a bill of parcels was at the time given by said Varney and Soper to the defendants in this form : " Messrs. Loring, Abbott and Porter; bought of G. C. Varney and O. M. Soper, (describing the goods,) Received Payment, G. C. Varney, O. M. Soper." The plaintiff offered oral evidence to prove that said transfer was a pledge, and not an absolute sale, and that the defendants, at that time, orally agreed to return the goods upon being repaid the amount advanced and certain charges. To this evidence the defendants objected as contradicting a written contract, but the same was admitted.

The defendants denied that the transaction was a pledge, but contended that if it were so, the plaintiff had not complied with the terms of the redemption.

The plaintiff offered evidence tending to prove that he, within the proper time, called upon the defendants, with sufficient money to redeem said goods, and said that he had come to pay the amount due ; they replied they had been summoned

as trustees of I. F. Woodman and company, and should sell the goods at auction. The evidence tended also to prove that the plaintiff agreed to give the defendants a bond of indemnity against said trustee process.

The judge instructed the jury, that if the goods were sold to the defendants, this action could not be maintained. That if they were pledged, the plaintiff, in order to maintain the action, must prove, that within the time agreed upon, he tendered the amount due, unless such tender was waived by the defendants; but if the plaintiff, before a sale of the goods by the defendants, was prepared to make such tender, and offered to make the same, and the defendants when such offer was made, declared to the plaintiff, that, having been summoned as trustees of Woodman and company, they should sell the goods, the jury might find a waiver of the tender. The verdict being for the plaintiff, the defendants excepted.

*C. E. Allen*, (*F. Hilliard* with him,) for the defendants.

*E. Buttrick*, for the plaintiff.

Bigelow, J. The rule that parol evidence is not admissible to vary, explain, or control a written contract, is not applicable to mere bills of parcels, made in the usual form, in which nothing appears but the name of the vendor and vendee, the articles purchased, with the prices affixed, and a receipt of payment by the vendor. These form an exception to the general rule of evidence, being informal documents, intended only to specify prices, quantities, and a receipt of payment, and not used or designed to embody and set out the terms and conditions of a contract of bargain and sale. They are in the nature of receipts, and are always open to evidence, which proves the real terms upon which the agreement of sale was made between the parties. 1 Cowen & Hill's note to Phil. on Ev. 385, n. 229; 2 Ib. 603, n. 295; *Harris* v. *Johnston*, 3 Cranch, 311; *Wallace* v. *Rogers*, 2 N. Hamp. 506; *Bradford* v. *Manley*, 13 Mass. 139; *Fletcher* v. *Willard*, 14 Pick. 464.

The case of *Lamb* v. *Crafts*, 12 Met. 353, which was cited by the defendants in support of an opposite doctrine, does not sustain it. All that was determined in that case was, that an executory agreement for the delivery of articles being void,

under the statute of frauds, no action could be maintained upon a warranty as a part of such agreement, because the contract was wholly void, and that there was no evidence in the case by which the warranty made in connection with the previous executory parol agreement, which was void, could be ingrafted on or made part of the subsequent executed contract of sale between the parties.

The instructions to the jury in regard to a waiver, by the defendants, of a tender of the money for which the goods were pledged, were properly guarded and limited, and are well supported by the authorities. The production of the money, and the actual offer of it to the creditor, is dispensed with, if the party is ready and willing to pay it, and is about to produce it, but is prevented from so doing by a declaration on the part of the creditor, that he will not or cannot receive it. 2 Greenl. Ev. § 603 ; *Barker* v. *Parkenhorn,* 2 **Wash.** C. C. 142 ; *Blight* v. *Ashley,* Peters C. C. 15.

In the case at bar, the statement of the defendants was equivalent to a refusal to receive the tender if made, and was such as fully to justify the jury in inferring that the production of the money and its formal tender were waived by them.

*Exceptions overruled.*