ANTHONY W. ASHBURN *vs.* HENRY POULTER.

The defendant owed the plaintiff $17, and the plaintiff had brought a suit of foreign attachment on which service had been made upon a debtor of the defendant but no copy had been left with the defendant himself. Held that a tender made by the defendant after the service on the garnishee, of $17 without the costs, was sufficient, and that it made no difference that the defendant knew of the service upon the garnishee. [By Hinman, C. J., and Butler, J.; Park and Carpenter, Js., dissenting.]

The defendant met the plaintiff in the street and said, " I am now ready to pay you the $17 which I owe you," having money in his pocket sufficient to pay the debt and intending to pay it. The plaintiff replied, " There have been costs made and you have got to settle with Mr. B., my attorney." No money was produced by the defendant. Held that the actual production and presentation of the money was dispensed with by the declaration of the plaintiff that it must be paid to his attorney, and that the offer to pay constituted in the circumstances a good tender.

ASSUMPSIT for work and labor, with a process of foreign attachment, brought by appeal from a justice of the peace to the city court of the city of Waterbury. The defendant pleaded a tender of $17.85, the amount of the indebtedness as set forth in the bill of particulars, which plea was traversed and issue closed thereon to the court. The city court made the following finding of facts and made the same a part of the record.

The writ was issued on the 14th of July, 1868, and had a factorizing process attached to it, directing the officer serving the same to leave an attested copy of the writ and process with James C. Scovill, of the town of Waterbury, as the debtor of the defendant, and further directing the officer to summon said Scovill to appear at the court to which the writ was returnable. On the day on which the writ was issued it was placed in the hands of an officer for service; and on the 15th of July the officer left in service with said Scovill a true and attested copy of the writ and process. After the service on the garnishee, and before the service of any copy on the defendant, and within the time allowed by law for such service, the defendant met the plaintiff upon the street in Waterbury, and stated to him that he was ready to pay his account, mean-

ing thereby to pay to the plaintiff the sum of $17.85, which was the amount of the debt. The plaintiff replied, " There have been costs made, and you have got to settle with my attorney, Mr. Boughton." The defendant then had in his possession more than enough to pay the $17.85, and would have then and there paid the plaintiff, but for his reference to Mr. Boughton and if the plaintiff had been willing to receive the same, the sum of $17.85 and no more. No copy of the process was left in service with the defendant until after the above conversation, on or about the 25th of July, 1868. Upon these facts the defendant claimed that a sufficient tender was made by him to the plaintiff of all that was due him. But the court held that it was not a good tender in form, and that, if good in form, it was insufficient in not tendering the amount of costs made by the service on the garnishee, amounting to $3.27. And the court rendered judgment for the plaintiff to recover $17.85 debt and his costs.

The defendant brought the case by a motion in error before the Superior Court in New Haven county, which (*Phelps, J.,*) reversed the judgment of the city court, and the plaintiff brought the record by a motion in error before this court.

*Fields,* for the plaintiff.

1. The tender was insufficient in form. To constitute a valid tender there must be an actual production of the money. 2 Parsons on Cont., 154; 2 Greenl. Ev., §§ 601, 602; 1 Swift Dig., 290. The money must be placed within the control of the creditor and the amount specified, and it is not enough that the debtor has the money in his pocket without an actual manual delivery. *Foley* v. *Mason*, 6 Maryl., 37; *Sands* v. *Lyon*, 18 Conn., 18. The reference to his attorney was not in law a waiver of the actual tender of the money.

2. The tender was insufficient because it did not cover the costs. It was not made until after the process was served upon the garnishee, who was described as the attorney and agent of the defendant, and that must be held to be constructive notice to the defendant. The attachment was perfected. The leaving the copy with such garnishee is such

service and notice of the suit as to prevent any tender made after such service being sufficient without a tender of costs that had then accrued. The perfecting of an attachment under the statutory provision in relation to foreign attachments is a " service," and is so recognized in *Fitch* v. *Waite*, 5 Conn., 118.

*O'Neil*, with whom was *Webster*, for the defendant.

1. It was not necessary that the tender should embrace the costs. It has been decided in this state that a tender of the debt, without costs, is good, if made before the commencement of the suit, and that, even though the debtor have knowledge that a writ has been delivered to the sheriff. 1 Swift Dig., 293. It has also been decided here, that a suit is commenced " when that notice is given to the defendant which makes him a party to the proceeding, and makes it incumbent on him to appear and answer to the cause or run the risk of having a valid judgment rendered against him in consequence of his default." *Sanford* v. *Dick*, 17 Conn., 216.

2. The tender was sufficient in form. The actual production of the money is, as a general rule, necessary to constitute a legal tender of a pecuniary claim. But such production may be waived or dispensed with, by a refusal to receive it, or by language or conduct, by word or act, tantamount to such refusal. *Sands* v. *Lyon*, 18 Conn., 18 ; *Hazard* v. *Loring*, 10 Cush., 267 ; *Holmes* v. *Holmes*, 12 Barb., 137 ; *Brown* v. *Gilmore*, 8 Greenl., 107 ; *Slingerland* v. *Morse*, 8 Johns., 474. It is on the principle that no man is bound to do a nugatory act. *Stone* v. *Sprague*, 20 Barb., 509.

BUTLER, J. Although the production and presentation of the money is ordinarily one of the necessary elements of a lawful tender, it is one the creditor may waive, and I am satisfied that the Superior Court was right in holding this tender sufficient, and reversing the judgment of the city court.

1. The plaintiff met the defendant upon the street and said in substance : " I am now ready to pay you the $17.85 which I owe you"—having money in his pocket sufficient to pay the

debt and intending to pay it. The plaintiff replied : " There have been costs made, and *you have got to settle with my attorney, Mr. Boughton.*" No money was produced and presented by the defendant, but I think the right of the plaintiff to have the money produced and presented in connection with the offer to pay, was waived, and the production and presentation dispensed with, by the unequivocal declaration that it would not be received, and must be paid to another. It is difficult to conceive of an expression more decidedly evincive of a determination not to receive the money, whether produced or not, or one more likely to prevent the production and presentation of it. It is certain that the expressions and conduct of the creditor in *Sands* v. *Lyon*, (18 Conn., 18,) which together were held a sufficient waiver, were not of a stronger character, and it was held in that case that the tender was good, · on the ground that an express refusal to receive, or what was equivalent to it, was a waiver of formal production. And I think if we do not hold this tender good we must repudiate an important principle recognized and followed in that case. It is true that here it is not found that the debtor put his hand in his pocket to take out the money, but that can make no difference. No act in respect to production was necessary. And the intention of the creditor to refuse the money could not have been more clearly or strongly expressed if he had added, "You need not take out your money, I shall not receive it." In such case it is the *intention* of the creditor *not to receive*, intentionally and unequivocally *expressed* by words or conduct calculated and intended to convince the debtor that presentation is useless, which excuses the actual production or presentation of the money. In this case it is found that the money would have been produced, and the debt paid, if the declaration had not been made ; and it is clear that the plaintiff, by an express refusal to receive, intentionally prevented it, and placed himself within the rule as adopted in *Sands* v. *Lyon.*

2. And I also think that the defendant was not bound to tender any cost. A writ had been procured and issued and served upon a garnishee, but not upon the defendant. It

does not appear that the defendant had any knowledge of such service, but that is immaterial. The expression " there have been costs made" does not import necessarily anything more than that a writ had been purchased and issued, and so far as I know it has always been understood to be law in this state that a debtor might tender the debt without cost after a writ was issued and delivered to the sheriff, and at any time before the actual commencement of the action *by service upon the defendant.* To that effect are whatever of decisions or dicta we have upon the subject. · It is true that we have no decision directly to the point that costs made by an *officer* in making an *attachment,* whether of real or personal property, or of a debt in the hands of a garnishee, need not be tendered where no service has been made upon the defendant, but we have a decision of this court (*Holdridge* v. *Wells,* 4 Conn., 151) that the cost of the *writ* need not be tendered, and I do not see how any distinction can be made between the costs incurred in making service and the costs incurred in procuring the writ. They are alike taxable expenditures, and the principle involved is as precisely applicable to one as to the other. The argument founded on the alleged injustice is for the legislature. They have not authorized the collection of costs before action pending, of any kind or in any case, and until they do I think none can be recovered or need be tendered.

The plaintiff claims that there is a distinction to be observed in a case like this, founded on the idea that the garnishee is an agent, and that notice to him is notice to the debtor. To this there are two answers : 1st, that it does not appear in this case that the garnishee was any thing more than a mere debtor, or that he was even that ; 2d, that actual knowledge even that cost has been made will not subject the defendant. Such knowledge existed in the case of *Holdridge* v. *Wells* above cited. Nor will any notice but the legal notice necessary to constitute the commencement of the action. For these reasons I think there is no error in the record.

In this opinion HINMAN, C. J., concurred.

CARPENTER, J. I concur with the majority of the court in regarding the tender as sufficient in form, and the actual presentation of the money as excused by the declaration of the plaintiff that the defendant must settle with Mr. Boughton, his attorney. This was equivalent to a refusal to receive the money, and if the defendant had it with him and intended but for this refusal to present it to the plaintiff for his acceptance, the facts constitute a sufficient tender.

But I cannot agree with the majority of the court in regarding a tender of the bare amount of the debt without the costs, sufficient in the circumstances. The cost was legally made, and was necessary for the securing of the debt by attachment, and if, after such cost has been made, a debtor can lawfully make a tender of the debt alone, then in every case a debtor may by watching his opportunity throw upon the creditor the very cost which his own delinquency has made necessary. The service is not complete until a copy is left by the officer with the defendant, or at his place of abode, and this copy, which is to contain a copy of the officer's return of his doings, can of course be made only after the attachment has been completed. The defendant, if watchful and disposed to make trouble for his creditor, can therefore always make a tender of the bare debt between the time of the attachment and the leaving of the copy in service. The attachment may have involved a large expense which the creditor will be compelled to lose, and not only so, but where personal property has been attached it may be necessary for the officer, for his own justification, to go on after the tender and make further expense by making a return of his doings, and certainly it will be necessary for him to carry back the attached property.

Now this is so clearly unjust as to be a reproach to the law if the law sanctions it, and it is only under the clearest necessity that we should hold it to be thus sanctioned.

The sole ground on which it is holden by a majority of the court that such a tender is sufficient, is that the suit, according to our practice and the decisions of this court, is not regarded as legally commenced until service is made on the defendant. It is clear that the mere procuring of a legal writ,

before anything whatever has been done with it, is not a commencement of a suit, but it is by no means so clear that the first legal act of the officer who serves the writ ought not to be regarded as the commencement of the suit. The officer is the agent of the law, and by an attachment of the defendant's property has done an act under the writ that is legal and official, and of great importance in its relation to the suit and to the defendant. However it might be in an ordinary case, where the suit is strictly and wholly *in personam*, yet in this case, which is one of foreign attachment, where in theory the defendant is out of the state and the copy is left merely for the purpose of perfecting the attachment and the whole proceeding is in the nature of a proceeding *in rem*, I think the suit should be regarded as commenced when the attachment is made. *Fitch* v. *Waite*, 5 Conn., 118. But I prefer to put the case on more general ground. And I am prepared to hold, and I think common sense and justice require us to hold, that in every case of a lawful attachment the costs legally and necessarily made have so attached themselves to the debt that a tender of the bare debt is insufficient.

And I put this view of the case, not on the ground that such an attachment is the commencement of the suit, but on the ground that these costs are legally and necessarily made, in the course of official duty, by an officer of the law, and that the statute intended that the debtor, if found to owe the debt, should pay them. Here his tender admits the debt, and it is only by reason of this tender that the plaintiff is prevented from getting a judgment that would of course have carried the costs with it.

It is not enough to say that these costs are merely incipient and inchoate, and not legally attached to the debt, for after the suit is commenced they are still inchoate and do not become any part of the debt until after the judgment. The reason why a tender of the costs must be made where the debt is tendered during the pendency of the suit, is not because they have attached themselves to the debt and become a part of it, but because they are lawfully and necessa-

rily made in the suit, and these costs have the same precise character in this respect before the copy is left with the defendant in service as they have after.

We have no decision of this court directly upon the precise question made. In the case of *Holdridge* v. *Wells*, 4 Conn., 151, it was holden that where a writ had been procured and placed in the hands of an officer, but service not commenced by him, a tender need not cover the cost of the writ; but an important distinction can be made between that case and this, which would fully sustain the court in adopting the equitable rule which I propose. The writ, when procured by the plaintiff, is subject entirely to his own control. He can put it in his pocket and keep it for weeks without using it, or if he chooses he may never use it at all. It is so far not brought home in any way to the defendant or to his property. But when an attachment is made the officer of the law has begun to execute the writ, and it has begun to operate, directly and legally and at certain legally established cost, upon the defendant and his property. It has now become an active instrument in the hands of the law, and it is beneath the dignity of the law for it to allow the defendant, while acknowledging his indebtedness, to evade the payment of this legal and necessary cost, and a great injustice to the plaintiff to compel him to bear the loss of it. It seems to me that the effect of this decision should not be extended, when so obvious a distinction can be made, and when by extending it we are doing injustice in the particular case, and establishing a rule that can work only injustice wherever applied.

In this opinion PARK, J., concurred.