NASHUA AND LOWELL RAILROAD CORPORATION *vs.* CHARLES
E. PAIGE.

Middlesex.     March 15. — May 7, 1883.     DEVENS & W. ALLEN, JJ., absent.

A. was employed as superintendent of a railroad corporation, at a fixed salary, the
employment to be terminated by three months' notice in writing.  The corpora-
tion leased its railroad for a long term of years to another corporation, of which
lease A. had notice; and, upon his representation that he had accepted his
position supposing it to be permanent, and that the lease would be a damage to
him, for which he ought to be compensated, the corporation which employed
him voted to pay him a certain sum as extra compensation whenever the lessee
should take possession of the road.  The lessee took possession on a certain
day, and the corporation paid to A. the sum so voted, and also his regular
salary up to that day.  *Held*, in an action by A. against the corporation for
three months' salary from the date when the lessee took possession, that it was
error in the presiding judge, who tried the case without a jury, to rule that,
as matter of law, A. was entitled to recover, without passing upon the ques-
tion of fact whether A., by accepting the extra compensation voted, had not
waived his right to the three months' notice provided for in the contract of em-
ployment.

CONTRACT for $875, money had and received.  The defendant
admitted that this amount was due, and filed a declaration in
set-off, in which he alleged that this sum was due him for his
services as superintendent of the plaintiff corporation from De-
cember, 1880, to March, 1881.  Trial in the Superior Court,
without a jury, before *Rockwell*, J., who found and ordered
judgment for the plaintiff for $125; and the plaintiff alleged
exceptions.  The facts appear in the opinion.

*A. S. Hall*, for the plaintiff.

*C. S. Lilley*, for the defendant.

MORTON, C. J.  The only controversy in this case was upon
the defendant's declaration in set-off, in which he claimed com-
pensation for his services as superintendent of the plaintiff cor-
poration from December 1, 1880, to March 1, 1881.

The defendant was employed by the plaintiff as superintendent
of its railroad in August, 1878.  On November 10, 1880, the
plaintiff leased its railroad for a long term of years to the Boston
and Lowell Railroad Corporation, which took possession and
control of the railroad on December 1, 1880.  The defendant
had notice of this lease, and, very soon after it was executed,
represented to the plaintiff that he had accepted the position of

superintendent supposing that it would be permanent; that the lease to the Boston and Lowell Railroad Corporation would be a damage to him; " and that the plaintiff corporation ought to compensate him for being left in a bad place." Thereupon the plaintiff's directors, on November 16, 1880, " voted that there be paid to Mr. Paige, superintendent of this road, the sum of $2000 extra for services while superintendent of this road, whenever the Boston and Lowell Railroad Corporation shall take possession of this road as lessee." On December 1, 1880, this amount, and also his regular salary up to that date, were paid to the defendant. At the trial in the Superior Court, without a jury, the court found the facts to be as we have stated them; but ruled that, as matter of law, the defendant was entitled to recover his salary as superintendent from December 1, 1880, to March 1, 1881.

We are of opinion that this ruling was erroneous. Although the defendant, under the contract by which he was engaged, was entitled to three months' notice in writing of the termination of the employment, he might waive this notice, and the employment might be terminated at any time by mutual agreement of the parties. When the lease was executed, both parties knew that the lessee would be in possession on December 1, 1880, and that the defendant's employment would then terminate. In view of these facts, the directors passed the vote granting the defendant $2000 extra compensation. *Prima facie*, at least, a part of the consideration of this grant was the termination of his employment when the lessees took possession. By accepting the amount granted, without reserving the right to claim additional damages, the defendant may have waived his right to the notice provided for in the contract.

If, as appears to be the fair inference from the evidence, the grant of $2000 was intended to be compensation to the defendant for the loss of his position on December 1, 1880, his acceptance of the grant was a waiver of his right to claim damages for the failure to give him the three months' notice. Taking the view most favorable to the defendant, it was a question of fact, upon the evidence, whether he had not thus waived his rights, upon which the plaintiff would, in a jury trial, have the right to go to the jury.

The ruling, therefore, that, as matter of law, the defendant was entitled, upon the evidence, to recover under his declaration in set-off, without passing upon this disputed question of fact, was error. *Exceptions sustained.*