John V. Lewis, Respondent, *v.* Wallace C. Andrews, Appellant.

(Argued April 24, 1891; decided June 9, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 9, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The only questions discussed in this case were those presented by certain exceptions to refusals of the trial court to charge as requested.

This was an action to recover moneys alleged to have been advanced by plaintiff to defendant under an agreement that plaintiff was to receive therefor a specified amount of the bonds of a street railway company, when it should have obtained a franchise authorizing it to construct its roads in certain city streets, the money to be returned to plaintiff on demand at any time he felt dissatisfied. It appeared that the bonds had been executed and delivered to a trust company, which issued to

plaintiff a certificate that it held the bonds for him.   The franchise was not obtained and plaintiff demanded a return of the money, which was refused.   In an action to recover back the money plaintiff offered to return the certificate.   On the trial the court charged that if the certificate had no value it was sufficient to surrender or tender it at the trial, and refused to charge as requested by defendant's counsel " that if the jury find that the certificate issued to the plaintiff was not tendered to the defendant before suit was brought, their verdict should be for defendant."

The court here say :

" The exception to this refusal to charge as requested was not well taken.   The court in calling the attention of the jury to the evidence of tender charged them that if the certificate had no value it was sufficient to surrender it at the trial, as had been done.   In this there was no error.   It may be observed that the action was not founded upon rescission of the contract, but upon it to recover the money, which the plaintiff claimed the defendant had agreed to repay upon demand.   The offer to surrender it at the trial was sufficient."

*Everett P. Wheeler* for appellant.

*Almon Goodwin* for respondent.

BRADLEY, J., reads for affirmance.
All concur.
Judgment affirmed. _____