(18 App. Div. 228.)

### MAGUIRE v. HALSTED.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. CONTRACTS—INTERPRETATION.

A seller agreed to repurchase the property sold "at the end of the year ending May 1st, 1895, should said [buyer] wish to sell same at that time, provided only that I [the seller] shall have 30 days' notice in writing of such wish." *Held*, that the seller was not entitled to 30 days' notice before May 1, 1895, but the buyer had until that day to determine whether she would require the seller to repurchase.

2. SAME—ACTIONS—TENDER OF PERFORMANCE BY PLAINTIFF.

Where a seller of shares of stock agreed to repurchase them within a certain time, but refused to do so on the ground that the buyer had not

given a sufficient notice under the agreement of her wish to sell, she need not tender the stock before suing on such agreement, but a production of the stock certificate on the trial, and an offer to assign it, is sufficient.

Appeal from Kings county court.

Action by Agnes J. Maguire against William M. Halsted for breach of contract. From a judgment entered on a verdict in favor of plaintiff for the full amount of her claim, with costs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George D. Beattys, for appellant.
Wm. N. Dykman, for respondent.

HATCH, J. By this action plaintiff seeks to recover the sum of $1,500, secured to be paid by the terms of the following contract:

"May 1, 1894.

"In consideration of the purchase this day of 50 shares of the Pictorial Weeklies Co. stock, as contained in certificate No. 73, by Agnes J. Maguire, at $30.00 per share, I hereby agree that said Agnes J. Maguire shall receive the sum of $300.00 during the year from this date, in quarterly dividends of $75.00 each, and any dividend in excess of this amount that may be declared on the above-named stock. I further agree to repurchase this stock at same price, viz. $30.00 per share, at the end of the year ending May 1st, 1895, should said Agnes J. Maguire wish to sell same at that time; provided only that I shall have thirty days' notice in writing of such wish.       Wm. M. Halsted."

The proof established that plaintiff caused a notice to be given on the 9th day of April, 1895, requiring the defendant to take the stock on the 1st day of May, as stipulated in the agreement. Negotiations were thereafter had between the parties, in which the time to repurchase the stock was extended until September 1, 1895. On July 23, 1895, the defendant was notified that he must be prepared to take the stock at the expiration of the extended time. After the last notice, and on August 5, 1895, the defendant notified the plaintiff that by the terms of the agreement he was not obligated to take the stock, on account of the failure to give 30 days' notice prior to the 1st day of May, and such is his present claim. We do not think that this claim is supported by the terms of the contract. Its provisions in this respect are that the defendant will repurchase the stock at the end of the year ending May 1, 1895, should the plaintiff wish to sell at that time. It is quite evident from this clause that the plaintiff was to have the whole of the year in which to determine whether she would sell or retain the stock, and until the prescribed time had expired she was not called upon to do anything. The further stipulation is that, if the plaintiff concluded to sell, the defendant became entitled to 30 days' notice in writing of such desire. The effect of these two clauses is obvious. The plaintiff had the whole of the year to make her election. The defendant had 30 days after written notice of the election to sell in which to pay the money and take the stock. He could not be compelled to take the stock before the end of the year. Neither could the plaintiff be compelled to make her election before that time. The plaintiff could make her election at any time before the expiration of the year, and give the

notice. If this time was 30 days before the expiration of the year, defendant's liability would be fixed at the end of the year; if after then, at the expiration of the 30 days. The plaintiff gave the notice upon the 9th of April of her election to sell the stock, in consequence of which the defendant's liability to take and pay for the same became fixed 30 days thereafter. It follows from this that plaintiff became entitled to recover, unless she was bound to make a tender of the stock before bringing her action. The repudiation of the contract by the defendant on the 5th of August, 1895, authorized the plaintiff to retain the property and sue for the purchase price. Dustan v. McAndrew, 44 N. Y. 72. And the refusal to fulfill the contract dispensed with the necessity of a tender of the stock. Duryea v. Bonnell (Sup.; not yet officially reported) 45 N. Y. Supp. 435. The production of the certificate upon the trial, and offer to assign the same, was sufficient. Lewis v. Andrews, 127 N. Y. 673, 27 N. E. 1044. In the view we take of the case, the errors in rulings upon the trial, if any, were immaterial and harmless. The charge of the court was more favorable to the defendant than he was entitled to. Indeed, upon the evidence the plaintiff became entitled to the direction of a verdict, as the execution of the contract and the giving of the notice were admitted facts, and entitled the plaintiff to a recovery.

The judgment should be affirmed, with costs. All concur.