JOHN G. WILLIAMS *vs.* JOSEPH E. PATRICK.

Essex. November 7, 1900. — November 27, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Agreement to refund Money invested in Corporation — Option to treat Transaction as Loan or Absolute Sale — Tender of Assignment of Stock — Waiver.*

While the decision of this case, which is an action of contract on an agreement signed by P. and C. "to refund to W. the twenty-five hundred dollars which he has this day invested for a one fourth interest in the S. Co., if he so elects or desires, and assigns said stock to the undersigned, one year from the date of this paper, April 8th, 1898," possibly might rest on the authority of *Boynton* v. *Woodbury*, 101 Mass. 346, in which it was held that the contract was, in legal effect, to give the plaintiff an option for a year to treat the transaction as a loan with collateral security, to be repaid on a return of the stock, or to treat it as an absolute sale, yet, if it be construed as an agreement by the defendant to purchase on tender of an assignment of the stock, a verdict having been directed for him solely on the ground that the plaintiff had failed to tender such assignment on April 8, 1899, the plaintiff's testimony, taken in connection with other evidence in the case, would have warranted the jury in finding that such tender was waived by the defendant.

CONTRACT, upon the following agreement: " $2,500. We, the undersigned, hereby agree to refund to John G. Williams the twenty-five hundred dollars which he has this day invested for a one fourth interest in the Surety Rupture Company of Kittery, Maine, and Boston, Mass., if he so elects or desires, and assigns said stock to the undersigned, one year from the date of this paper, April 8th, 1898. (Signed) J. E. Patrick, S. S. Carpenter."

At the trial in the Superior Court, before *Pierce*, J., the plaintiff requested a ruling that, if the stock was valueless one year from the date of the contract, a tender of the stock on that date was not necessary to entitle the plaintiff to recover; that, if any tender of such stock was necessary, it was sufficient if tendered within a reasonable time from one year from the date of the contract, unless it appeared that the defendant was put to loss by failure of the tender, and that no tender was necessary if at the expiration of the contract it could be shown that the stock was valueless; and that on the evidence the jury would

be authorized to find that the defendant had waived his right to a tender of the stock, and that the plaintiff was excused from making a further tender. The judge refused so to rule, but did rule that a tender by the plaintiff of the stock purchased by him should have been made on April 8, 1899, as a condition precedent to his right to recover; that there was no evidence sufficient to warrant a jury in finding that the defendant had waived his right to a tender, or that the plaintiff was excused from making such tender, and ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*D. N. Crowley*, for the plaintiff.

No counsel appeared for the defendant.

KNOWLTON, J. The material facts in this case are almost identical with those in *Boynton* v. *Woodbury*, 101 Mass. 346, in which it was held that the contract was, in legal effect, to give the plaintiff an option for a year to treat the transaction as a loan, with collateral security, to be repaid on a return of the stock, or to treat it as an absolute sale. In that case it was held that a notice to the defendant within a year of the plaintiff's election to have his money back was sufficient to entitle the plaintiff to maintain the action without a tender of the stock, provided he kept the stock in his possession and was ready to reconvey it up to the time of the trial, and then offered to reconvey. Perhaps the decision of the present case might rest on this as an authority.

But if we construe the contract more strictly, and hold that it was an agreement by the defendant to purchase on tender of an assignment of the stock, there was evidence from which the jury might have found for the plaintiff. As we understand the case, the verdict was directed for the defendant solely on the ground that the plaintiff failed to tender an assignment of the stock on April 8, 1899. The right to a tender before payment was for the benefit of the defendant, and he might waive it. There was evidence that the corporation was founded on fraud, and that the stock was worthless from the time it was issued. The plaintiff testified that in February or March, 1899, he called at the defendant's " place of business in Boston and tendered the stock, . . . and demanded a return of his money. That the defendant

refused to take said stock, declared that it was worthless, that he did not want it, and in a threatening tone ordered the plaintiff off his premises, and told him never to darken his doors again." He also testified " that he was afraid of the defendant, and that he would not dare go near him."

Other evidence that the stock was never of any value, and that for a long time prior to the expiration of one year from the date of the contract it was considered and treated by the defendant and Carpenter as worthless, was offered by the plaintiff and excluded. The plaintiff's testimony, taken in connection with this evidence, would have well warranted the jury in finding that tender of an assignment of the stock at the end of the year was waived by the defendant. *Peebles* v. *Boston & Albany Railroad*, 112 Mass. 498. *Andrews* v. *Knowlton,* 121 Mass. 316. *Nashua & Lowell Railroad* v. *Page*, 135 Mass. 145. *Williams* v. *Kimball*, 135 Mass. 411. *Papineau* v. *Wentworth*, 136 Mass. 543.

The defendant's statement was equivalent to a declaration that he would refuse the stock if a tender was subsequently made, and that it would be useless to make a tender of it. Under these circumstances the jury should have been permitted to find that a subsequent tender was waived. See *Gilmore* v. *Holt*, 4 Pick. 258; *Southworth* v. *Smith*, 7 Cush. 391; *Hazard* v. *Loring*, 10 Cush. 267; *Hills* v. *Exchange Bank*, 105 U. S. 319; *Ashburn* v. *Poulter*, 35 Conn. 553; *Barker* v. *Parkenhorn*, 2 Wash. C. C. 142.

*Exceptions sustained.*