EUGENE S. KLEIN et al., Executors, Respondents, v. JOHN D. JOHNSON, Appellant.

St. Louis Court of Appeals, June 8, 1915.

1. CONTRACTS: Contract for Repurchase of Corporate Stock: Consideration. A stockholder of a corporation, as part of a transaction whereby he sold for the corporation a number of shares of its "treasury stock," wrote a letter to the purchaser, in which, after reciting the terms of the sale, he stated that, in consideration of the buyer's "having purchased the shares at his request and on his recommendation, he would, when requested by the buyer, at any time within ninety days," after a designated date, purchase the stock from the buyer at the price paid by him. He also requested the buyer to remit the purchase price to him, which was done, and, pursuant to an arrangement with the general manager of the corporation, he retained one-half thereof to apply on an indebtedness owing to him by the corporation. *Held*, that the contract to purchase the stock from the buyer was supported by a consideration and was enforcible; the words, "having purchased," not indicating a past consideration, in view of the fact that the letter was part of the transaction.

2. EXECUTORS AND ADMINISTRATORS: Contract for Repurchase of Corporate Stock: Right to Enforce. A valid contract to repurchase corporate stock on the request of the purchaser, if such request was made within a certain time, was not personal to the purchaser, so that, upon his decease, the

promisor was bound to purchase, if requested so to do by the promisee's personal representative within the time stipulated.

3. **SALES: Breach of Contract to Purchase: Remedies of Seller: Damages.** Where the buyer breached a contract to purchase corporate stock, the seller was not confined to a recovery of the difference between the market value and the contract price, but, upon tender of the stock, was entitled to recover the contract price.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Loomis C. Johnson* for appellant.

(1) The offer contained in appellant's letter of November 24, 1909, to Judge Klein was unsupported by any valid consideration and therefore was and is unenforcible. Bulkley v. Landon, 2 Conn. 404; Comstock v. Smith, 7 Johns. 86; Bank v. Striever, 82 N. Y. 508; Arend v. Smith, 151 N. Y. 505; McQuaid v. Baughman, 167 Ill. 430; Cleaver v. Lenhart, 182 Pa. St. 285; Howard v. McNeil (Ky.), 78 S. W. 142; Littlepage v. Pub. Co., 34 App. (D. C.), 264, and cases cited; German v. Gilbert, 83 Mo. App. 416; Lungstras v. German Ins. Co., 48 Mo. 204; McFarland v. Heim, 127 Mo. 333; Lingenfelder v. Brewing Co., 103 Mo. 593; Lamp Co. v. Mfg. Co., 64 Mo. App. 118; Moomaw v. Emerson, 80 Mo. App. 318. (2) Even assuming for the sake of the argument that the offer evidenced by appellant's letter of November 24, 1909, was supported by an adequate consideration, yet any rights acquired thereunder by Judge Klein were personal with and to him and when the offer therein contained was not accepted, or when such rights were not exercised by him prior to his death, they did not descend to his heirs or executors. McMillan v. Philadelphia, 159 Pa. 142; Ide v. Liser, 10 Mont. 5; Hopewood v.

McCausland, 120 Ia. 218; Hanly v. Watterson, 39 W. Va. 214; Litz v. Gosling, 93 Ky. 85; Dodge v. Kiene, 28 Neb. 216; Levy v. Rother, 29 N. Y. Supp. 1057; Rivers v. Oak Lawn S. Co., 52 La. Ann. 762; Clark v. Mining Co., 28 Mont. 462; McQueen v. Chouteau's heirs, 20 Mo. 222; Boykin v. Campbell, 9 Mo. App. 495; Lansden v. McCarthy, 45 Mo. 106; Implement Co. v. Iron Works, 129 Mo. 222; Newton v. Newton, 11 R. I. 394; Mynell v. Surtees, 3 Smith & G. Rep. (Chan. Div.), 101, 117; Fulton v. Messenger, 66 S. E. 830; Dyer v. Duffy, 39 W. Va. 156; Rease v. Kittle, 56 W. Va. 269; Sutherland v. Parker, 75 Ill. 330; Arkansas Valley T. Co. v. Belder, 127 U. S. 390. (3) The court below erred in fixing the measure of damages. Lumber Co. v. Warner, 93 Mo. 386; Brown v. Asphalt Co., 210 Mo. 260; Diffenderfer v. Board of Public Schools, 120 Mo. 447; Whitmore v. Coats, 14 Mo. 9; Northrup v. Cook, 39 Mo. 208; Koeltz v. Bieckman, 46 Mo. 321; Rickey v. Ten Broeck, 63 Mo. 567; Masterson v. Mayor, 7 Hill, 61.

*T. K. Skinker* for respondents.

(1) The promise contained in appellant's letter of November 24, 1909, is founded on ample consideration. (a) The letter and the payment and delivery of the stock were all parts of one and the same transaction. (b) The alleged contract was oral and void under the Statute of Frauds (Rev. Stat., Sec. 2784). Bernhardt v. Walls, 29 Mo. App. 206. (c) Judge Klein made his check payable to defendant's order at defendant's request, and thereby assumed a risk. This is sufficient consideration. Flannagan v. Kilcome, 58 N. H. 442; Marks v. The Bank, 8 Mo. 316; Tucker v. Dolan, 109 Mo. App. 442, 446; Lindell v. Rokes, 60 Mo. 249; Williams v. Jensen, 75 Mo. 681, 685; Lancaster v. Elliott, 55 Mo. App. 249; Lamp Co. v. Manufacturing Co., 64 Mo. App. 115. (2) The obligation

sued on is not one personal to Judge Klein alone, but was intended as an assurance of the value of the stock, and is available to his executors. Fuller v. Dempster, Admr. of Beatty, 8 Pa. S. C. Cases, Annotated by Sadler, 546; Hayes v. O'Brien, 149 Ill. 403; Chamberlain v. Dunlap, 126 N. Y. 745; Kernochan v. Murray, 111 N. Y. 306; House v. Jackson, 26 Ore. 89; Kerr v. Day, 14 Pa. St. 112; Simmons v. Lide, 94 Ga. 553; Gustin v. School District, 94 Mich. 508; ·Couch v. McCoy, 138 Fed. 686, 703; Hardy Implement Company v. Iron Works, 129 Mo. 222; Boykin v. Campbell, 9 Mo. App. 495; Leahy v. Dugdale, 27 Mo. 437; City v. Clemens, 42 Mo. 69. (3) The trial court properly permitted the respondents to recover the price at which appellant agreed to take the stock. (a) Because the transaction is substantially an agreement for rescission. Laubach v. Laubach, 73 Pa. St. 387; Thorndike v. Locke, 98 Mass. 340. (b) The measure of recovery ought not to be different if this were held merely an agreement of sale. Dustan v. McAndrew, 44 N. Y. 72; 2 Parsons on Contracts, 484; Sedwick on Measure Damages, 282; Lewis v. Greider, 49 Barb. 606; Dehner v. Miller, 166 Mo. App. 504, 510; Oehler v. Fruit Co., 162 Mo. App. 446; Koenig v. Boat Mfg. Co., 155 Mo. App. 685; Range Co. v. Mercantile Co., 120 Mo. App. 428; Lumber Co. v. Lumber Co., 53 Mo. App. 561; Dobbins v. Edmonds, 18 Mo. App. 807; Black River Lumber Co. v. Warner, 93 Mo. 374; Roaring Fork Asso. v. Clemens Produce Co., 171 S. W. 584; Anderson v. Frank, 45 Mo. App. 482, 486; Stumpf v. Mueller, 17 Mo. App. 283; Crown Vinegar Co. v. Wehrs, 59 Mo. App. 493; Graham v. Jackson, 14 East, 498; 104 Eng. 693. (c) In cases where corporate stock is the subject of the sale the measure of recovery universally allowed is the contract price. Campbell v. Woods, 122 Mo. App. 719; Thorndike v. Locke, 98 Mass. 340; Pearson v. Mason, 120 Mass. 53; Duchemin v. Kendall, 149 Mass. 175; Madison v. Decker, 72 N. Y. 595; Fuller v. Demp-

ster, 8 Pa. S. C. Cas. (Sadler) 546; Range Co. v. Mercantile Co., 120 Mo. App. 438, 448. The triple rule of recovery is approved everywhere. Van Brocklen v. Smeallie, 140 N. Y. 70; Hayden v. Demets, 53 N. Y. 426; Quick v. Wheeler, 78 N. Y. 305; Higgins v. Murray, 73 N. Y. 252; Schwarzer v. Brewing Co., 74 N. Y. App. Div. 382; Lincoln Shoe Co. v. Sheldon, 44 Neb. 279, 290; McClure v. Williams, 5 Sneed, 718; Hamilton v. Finnegan, 117 Iowa, 623, 627; McCormick Co. v. Markert, 107 Iowa, 340; Harris Mfg. Co. v. Marsh, 49 Iowa, 11; Rosenbaum v. Weeden, 18 Gratt. 785; Crawford v. Avery, 35 Miss. 209; Bagley v. Findlay, 82 Ill. 524; Barrow v. Window, 71 Ill. 214; Cook v. Brandeis, 3 Met. (Ky.) 355; Bell v. Offutt, 10 Bush, 632; Mitchell v. Le Clair, 165 Mass. 308. And the rule applies to sales of real estate as well as personal property. Brown v. Slee, 103 U. S. 828; Briggs v. Munchon, 56 Mo. 467; Oatman v. Walker, 33 Me. 67; Alna v. Plummer, 4 Me. 258.

ALLEN, J.—In November, 1909, the late Judge Jacob Klein, of the city of St. Louis, purchased 6667 shares of the "treasury stock" of the Pearl Tatum Mining Company, of the par value of $1 each, for which he paid $1000. For some time prior thereto, one Tatum, the general manager of the mining company, had endeavored to sell Judge Klein some of this stock. Tatum had formerly been a practicing attorney in the city of St. Louis, but had removed to the State of Colorado. He visited St. Louis from time to time, and in April or June, 1909, he first saw Judge Klein in reference to the sale of stock to the latter. He had a number of interviews with Judge Klein, but was unable at that time to consummate a sale. In October of the same year he procured the assistance of defendant in the premises, the latter being a heavy stockholder in the company and a creditor thereof as well. He and defendant saw Judge Klein at the latter's office,

but nothing definite was accomplished and Tatum returned to Colorado, but before doing so urged defendant to see Judge Klein further in regard to the matter, and later wrote defendant to the same effect. On November 17, 1909, defendant wrote Tatum informing him that he (defendant) had sold the above mentioned shares of stock to Judge Klein, requesting that a certificate therefor be issued and sent to defendant for delivery accordingly. This was done, and on November 24, 1909, defendant wrote the following letter to Judge Klein, enclosing therewith the certificate of stock, viz.:
"Dear Sir:

"I am handing you herewith certificate No. 393 for 667 [sic] shares (par value $1.00 each) of the Pearl Tatum Mining Company, made out in your name, for which you are to pay 15 cents a share or a total of one thousand dollars, and in consideration of your having purchased the said shares at my request and on my recommendation, I hereby agree when requested by you, at any time within ninety days next after the 19th day of November, 1910, to purchase the said shares from you and pay you therefor the sum of 15 cents per share, or the aggregate sum of one thousand dollars.

"Please make the check for the enclosed shares in my favor. Also sign and return me the receipt for the shares which is pinned to the certificate, and oblige."

Pursuant to the request contained in defendant's letter Judge Klein sent his check to defendant, payable to the latter, for $1000, and retained the stock for which he executed a receipt to the company. Judge Klein died on August 23, 1910; and on January 25, 1911, his executors, plaintiffs herein, tendered the stock to the defendant and demanded payment of the said sum of $1000. Defendant having declined to make such payment, this suit was instituted to recover the amount with interest.

The trial, before the court without the intervention of a jury, resulted in a judgment for plaintiffs for the amount demanded, with interest, and the case is here upon defendant's appeal.

The court below held that the plaintiffs could maintain their action on the contract contained in defendant's letter. This ruling we think correct; and we are of the opinion also that no fault may be found with the amount of the recovery. Learned counsel for appellant, however, challenges plaintiffs' right to recover at all, for reasons to be briefly noticed, and further contends that in no event should the judgment have been for more than nominal damages.

It is argued that defendant's letter, of November 24, 1909, was unsupported by any valuable consideration, and was therefore a mere *nudum pactum* and unenforcible. As this argument proceeds, the letter written by the defendant to Tatum on November 17, 1909, shows that the stock had then been sold to Judge Klein; that the purchase of the stock was a past consideration, so far as it had to do with the obligation of defendant evidenced by the letter; and that there was no independent consideration for defendant's said agreement to take the stock from Judge Klein within ninety days after November 19, 1910, at the price paid therefor by the latter. And it is said that the following language of the letter itself shows that the purchase of the stock was a past consideration for defendant's said promise, viz.: "In consideration *of your having purchased* the said shares at my request and on my recommendation, I hereby agree," etc.

But we perceive no merit in the contention that the contract contained in defendant's letter was without a present valuable consideration. It quite clearly appears that the sale to Judge Klein was actually consummated by the defendant, and that defendant's letter quoted above was a part and parcel of the transaction. This letter also contains a request that Judge Klein

make his check payable to defendant personally, which was complied with. And it further appears that defendant, pusuant to a prior arrangement with Tatum, retained one-half of the proceeds of the check to apply upon an indebtedness of the company to him, forwarding the remainder to the corporation.

That there was ample consideration for defendant's promise sued upon we think cannot be doubted. The argument that the letter shows upon its face a past consideration for the promise needs but passing notice, in view of the actual facts attending the transaction. The words "having purchased" can no more be said to import a past consideration than the term "for value received" contained in the ordinary promissory note. Whether or not there was a present valuable consideration for the promise is to be determined from the facts disclosed by the record.

A further contention is that the obligation sued on was one personal to Judge Klein, which did not descend to his executors and administrators. This question is briefed and argued at length, but we do not regard it necessary to discuss the many authorities cited and relied upon by learned and industrious counsel for appellant, for we do not deem them in point. It is argued that the letter constituted an offer to Judge Klein, giving him the option to elect either to retain the stock or to call upon defendant to take it at the price paid therefor; that such offer contemplated an election by Judge Klein personally, who was well known to defendant, the personal element entering into the transaction, and that such right of election was one which could not be exercised for Judge Klein by his executors. But we cannot agree with counsel as to the nature and effect of the promise contained in the letter; and our view thereof renders inapplicable the theory thus advanced. The letter, as we regard it, constituted a solemn agreement to pay a certain definite sum of money within ninety days after November

19, 1909, upon demand therefor, and tender of the stock, within said period. And it was not a contract in which the *delectus personae* entered as a material factor. The right given to Judge Klein by the contract was the right to demand the payment of a certain sum of money upon tendering the stock. This was certainly a property right which descended to his executors. Nothing more than a futile demand was necessary to give rise to a cause of action on the contract. This demand his executors could make, and have made; and we perceive no reason why they may not maintain an action for a breach of the contract.

It is further argued that the court erred in regard to the measure of damages recoverable as for a breach of the contract; that plaintiffs could recover, if at all, only the difference between the market value of the stock and the price which defendant agreed to pay therefor, and since plaintiffs did not show the market value their recovery should have been confined to nominal damages only. It is said that the rule recognized by the trial court, giving to the vendor an election of remedies where the vendee breaches his contract to purchase, and which is sanctioned by many rulings of the Courts of Appeals in this State, is out of harmony with the decisions of our Supreme Court.

In Stewart Produce Company v. Gamble-Robinson Commission Company, 189 Mo. App. 654, 175 S. W. 319, we recently had occasion to consider the choice of remedies ordinarily available to a vendor. The question is fully discussed in St. Louis Range Company v. Mercantile Company, 120 Mo. App. 438, 96 S. W. 1040, and in Oehler v. Fruit Company, 162 Mo. App. 446, 142 S. W. 811. It is quite unnecessary, therefore, to dwell upon the matter here, or to review at length the authorities in this State. Upon the facts of this case we think that the plaintiffs are entitled to recover the amount paid to defendant by Judge Klein and which defendant agreed to repay, upon tender of the stock.

It was so held in Campbell v. Woods, 122 Mo. App. 719, 99 S. W. 468, a case similar to this, which ruling was followed in Bank v. Securities Co., 141 Mo. App. 524, 125 S. W. 1194.

Our holding we think in no wise conflicts with the decision of the Supreme Court in Black River Lumber Co. v. Werner, 93 Mo. 374, 6 S. W. 210, cited by appellant. Neither do we regard the ruling in Brown v. Asphalt Mfg. Co., 210 Mo. 260, 109 S. W. 22, upon which appellant greatly relies, as affording authority for the contention that the measure of a vendor's damages is always the difference between the contract price and the reasonable market value of the goods.

As observed in Koenig v. Boat Mfg. Co., 155 Mo. App. 1. c. 699, 135 S. W. 514, the plaintiff in the Brown case evidently pursued the theory that he was entitled to recover the difference between the contract price and the market value. And the opinion states that there was no evidence that the plaintiff had the goods on hand at his factory to be delivered to the defendant. The petition did not aver the tender of any specific property, nor seek to recover the contract price upon the theory that any such property was being held for the vendee, as his property. We do not think that the Supreme Court meant to say, as an inflexible rule, that the measure of a vendor's damages is always the difference between the market value and the contract price. And the case before us, upon the pleadings and the facts, is quite unlike the Brown case.

Here the defendant agreed to repurchase from Judge Klein certain shares of mining stock at the price paid by the latter therefor, upon demand. We can see no good reason why plaintiffs should not be permitted to recover the amount so agreed to be paid upon tendering the stock. That this ruling amounts practically to enforcing specific performance is no valid argument against it. [See Campbell v. Woods, supra, 1. c. 726.] The aim of the law is to put the parties, so far as

practicable, in the position in which they would have been had the contract been fully performed. Defendant is required to pay precisely what he agreed to pay and receives the stock. We think that plaintiffs should not be required to sell the stock in the open market for whatever it may bring, as a prerequisite to a recovery against defendant; nor do we perceive that this would be of any advantage to the latter.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.