PATRICK J. LYONS v. SAMUEL P. SNIDER.[1]

March 2, 1917.

Nos. 20,191—(286).

**Corporation — contract for sale of stock construed.**

1. A contract between the plaintiff, the purchaser, and the defendant, the seller, of corporate stock, whereby the defendant agreed to repurchase upon certain conditions construed and *held* to be a conditional sale with the option in the purchaser to revoke or rescind.

**Same — action for sum named — pleading and proof.**

2. Upon exercising such option the plaintiff was entitled to recover in an action at law the amount which the defendant agreed to pay, and it was not necessary to allege or prove damages arising as upon a breach of a contract of purchase or sale, nor to allege or prove facts justifying the maintenance of an action for specific performance.

[1]Reported in 161 N. W. 532.

**Same — tender of certificates.**

3. When the plaintiff exercised the option he notified the defendant that he would deliver the stock certificates upon payment. At the trial he tendered the stock and it is now in court. It is *held* that the notice and offer were sufficient though no formal tender was made before action brought.

Action in the district court for Hennepin county to recover $5,500. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *A. M. Higgins,* for appellant.

*W. H. McDonald,* for respondent.

DIBELL, C.

Action to recover on a contract, whereby the defendant sold the plaintiff corporate stock and agreed to repurchase upon certain conditions. Findings for the plaintiff. Defendant appeals from the order denying his motion for a new trial.

1. On August 1, 1912, the defendant sold the plaintiff 500 shares of corporate stock at $10 per share, and as a part of the consideration of the sale agreed to repurchase it for $11 per share within 60 days after notice by the plaintiff given in August, 1913, that he desired to sell. The agreement is as follows:

"August 1st, 1912.

"I have this day sold to Mr. P. J. Lyons Five Hundred Shares of the Mt. Helen Development Company for the sum of Five Thousand Dollars, the receipt of which is hereby acknowledged. I hereby agree that Mr. P. J. Lyons shall have the right in the month of August, 1913, to notify me in writing that he desires to sell said stock or any part thereof, and I hereby agree that within sixty days from receipt of said notice I will buy said stock or such part thereof as he desires to sell and pay for the same at the rate of Eleven Dollars per share.

"SAMUEL P. SNIDER."

On August 18, 1913, the plaintiff notified the defendant in writing that he desired to sell.

The contract is substantially like that involved in Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70. It was held that the contract there involved was a conditional sale with an option in the purchaser to revoke or rescind. Other cases adopt the same general view. Browne v. St. Paul Plow Works, 62 Minn. 90, 64 N. W. 66; Ophir Consol. M. Co. v. Brynteson, 143 Fed. 829, 74 C. C. A. 625; Thorndike v. Locke, 98 Mass. 340. And see 5 Dec. Dig. Corp. § 120. It is not important that the defendant agreed to pay an advance over what he received about equal to interest. If he had agreed to pay $5,000 with interest the result would not be different. See Ophir Consol. M. Co. v. Brynteson, 143 Fed. 829, 74 C. C. A. 625. The contract was a sale with the option in the plaintiff to revoke or rescind.

2. Upon exercising the option the plaintiff was entitled to recover in an action at law what the defendant agreed to pay. Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70; Browne v. St. Paul Plow Works, 62 Minn. 90, 64 N. W. 66; Ophir Consol. M. Co. v. Brynteson, 143 Fed. 829, 74 C. C. A. 625; Thorndike v. Locke, 98 Mass. 340; Klein v. Johnson, 191 Mo. App. 453, 178 S. W. 262; Strait v. Northwestern S. & I. Works, 148 Wis. 254, 134 N. W. 387. And see 5 Dec. Dig. Corp. § 120. The case presented is not that of an executory contract for the sale or purchase of personal property, where the remedy is by action for the recovery of damages, which must be alleged and proved, or by action of specific performance where the equities of the case permit. It was not necessary to allege or prove facts sustaining an action for damages for a breach or an action in equity for specific performance.

3. The plaintiff did not tender the stock to the defendant. His notice of election to sell, given August 18, 1913, contained this statement: "I hereby notify you that, pursuant to said writing, I desire to sell the 500 shares of stock mentioned in said writing, and do further hereby notify you that certificates of said stock, evidencing my ownership thereof, together with an assignment to you of said 500 shares, will be delivered to you forthwith upon receiving from you the sum of $5,500." There was evidence of an actual tender on October 7, 1913, but the fact was in dispute, and the court did not find upon it, nor was tender at that time pleaded. A formal tender was made at the trial and the stock certificates are within the control of the court.

If in addition to the notice of election to sell, and the offer to deliver the stock on payment, there must have been a formal delivery within or at the expiration of the 60 days or at some time before suit, the plaintiff must fail. None was made and there was no waiver. Many cases hold, directly or by implication, that a tender must be made. Wright v. Berger, 114 N. Y. Supp. 912; Hamilton v. Finnegan, 117 Iowa, 623, 91 N. W. 1039; Osgood v. Skinner, 211 Ill. 229, 71 N. E. 869; Morris v. Veach & Co. 111 Ga. 435, 36 S. E. 753; Porter v. Plymouth Gold Mining Co. 29 Mont. 347, 74 Pac. 938, 101 Am. St. 569; Maguire v. Halsted, 45 N. Y. Supp. 783. And see 5 Dec. Dig. Corp. § 120. The situations involved are so various that it is difficult to determine the exact rule and its precise application. In many of the cases the courts do not have more in mind, in speaking of a tender, than the necessity of an offer to perform. The doctrine of some of them, applied to the case before us, would require before action something more than the notice and offer of August 18. Of course this it not like a case where a defrauded plaintiff seeks to rescind by his own act and to recover at law that with which he parted. In such a case, according to the run of authority, there must be something equivalent to an actual tender, though the rule with us is very liberal. See I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728. The reason is obvious. The defrauding party, upon rescission, is entitled to the stock. The other party cannot keep it until the restoration of that with which he parted. He renounces the contract. His tender must be unconditional. Here the situation is different. The obligations of the plaintiff and the defendant were mutual and concurrent. The defendant was to pay and the plaintiff was to deliver. These acts were to be simultaneous. In Boynton v. Woodbury, 101 Mass. 346, the contract was much like the one before us. It required an election within a year. The notice of election given was much the same as that given by the plaintiff, though it did not contain an offer to deliver. The court, holding that the purchaser had an election to treat the transaction as an absolute sale or a loan, said (pp. 349, 350):

"To claim the benefit of an executory contract of that kind, and to be entitled to claim damages for a violation of it, the party intending to sell must allege and prove that, at the time appointed, he was ready and able to fulfil the contract on his part, and that he made a distinct tender

of performance and literally offered to make the conveyance, but that the party who had agreed to buy refused to receive the stock or to fulfil his part of the agreement. The stipulations would be mutual and dependent, and neither party could complain of the other without an explicit and full tender of performance on his own part.

"But we think that this is not the true interpretation of the contract. The form of the transaction is, that the plaintiff buys the shares of the defendant and then makes a contract that he will sell them to the defendant on certain terms and at a certain time. The terms of the written contract, however, plainly show that in buying the stock, the plaintiff reserved to himself for the term of an entire year the right to repent of his bargain and reclaim his money. During the whole of that period it was exclusively at his option whether he should hold the stock as a purchaser, or whether the transaction should be a loan of one thousand dollars. * * * the giving back of the shares and the repayment of the money were to be simultaneous operations. The plaintiff was not bound literally to convey the stock and put it out of his reach before he received the money."

The holding was approved in Williams v. Patrick, 177 Mass. 160, 58 N. E. 583, though it was held that there was in that case sufficient evidence of a waiver, and in Litchfield v. Irvin, 51 N. Y. 51. In Osgood v. Skinner, 211 Ill. 229, 235, 71 N. E. 869, the court in discussing the general question said:

"We are also of the opinion that the offer to perform the contract was sufficient. The transfer of the stock and the payment for the same were intended to be mutual and concurrent acts, and it was not contemplated that either party should perform some act as a condition precedent to the act of the other. If a contract calls for successive acts, first by one party and then by the other, there is no breach by one if the precedent act has not been performed by the other; but if the contract contemplates concurrent acts, it is sufficient to put one party in default that the other party is ready, willing and offers to perform his part of the contract. A tender, as applied to such a case, does not mean the same kind of offer as the tender of money in payment of a debt, where the money is offered to the creditor unconditionally and the transaction is completed and ended. It means an offer accompanied with ability to do the act re-

quired of one party provided the other will concurrently do what he is required to."

If the decision in the Massachusetts case first cited is sound so far as it pertains to a tender, and is applicable, no formal tender was necessary and the notice of election and offer which accompanied it were sufficient. We are disposed to apply it. The giving of the notice apprised the defendant that the plaintiff exercised his option not to keep the stock and to take the money. The offer indicated a readiness and ability to complete the rescission when the defendant should perform one of the concurrent acts necessary. The defendant is protected, or can be protected if he wishes, by the tender of the stock at the trial.

Order affirmed.