## ROYAL GLUE COMPANY *v.* LANGE.*

CORPORATIONS; CONDITIONAL SALE OF STOCK; RESCISSION; ESTOPPEL.

1. One who has conditionally purchased shares of the treasury stock of a solvent corporation from the corporation, under an option to rescind the agreement at the expiration of a year, is not precluded from so doing because no power has been given to the corporation to purchase its own stock, nor on the ground that the transaction will result in withdrawing from the trust fund of the company that which belongs to all the stockholders and creditors.

2. A conditional sale by a local corporation of shares of its treasury stock, under an option to rescind at the end of a year, is not invalid as an attempt to increase or diminish the capital stock in violation of Sec. 634 of the Code of the District of Columbia (31 Stat. at L. 1288, chap. 854).

3. Acceptance of dividends by the purchaser from a solvent corporation, of shares of its treasury stock, under an option to rescind at the end of a year, does not estop him from taking advantage of such option.

No. 2475. Submitted January 9, 1913. Decided February 3, 1913.

HEARING on an appeal by the defendant from a judgment for want of a sufficient affidavit of defense, of the Supreme Court of the District of Columbia, in a suit upon an agreement for a conditional sale of stock.                    *Affirmed.*

The facts are stated in the opinion.

---

*Corporation.*—For editorial notes upon the question of the right of a corporation to purchase its own shares of stock, see *Hall* v. *Henderson,* 61 L.R.A. 621; *McGregor* v. *Fitzpatrick,* 25 L.R.A.(N.S.) 50; and *Tiger* v. *Rogers Cotton Cleaner & Gin Co.* 30 L.R.A.(N.S.) 694.

*Mr. W. Gwinn Gardiner, Mr. Roger J. Whiteford,* and *Mr. Blaine Coppinger,* for the appellant:

1. A corporation incorporated under the laws of the District of Columbia cannot make such a contract as the one sued upon. *Clapp* v. *Peterson,* 104 Ill. 30; 1 Beach, Priv. Corp. 242; *Crandall* v. *Lincoln,* 42 Conn. 99, 100; *Rider* v. *Morrison,* 54 Md. 429; *Bedford Rd. Co.* v. *Bowser,* 48 Pa. 37; *Alford* v. *Miller,* 32 Conn. 543; *Jones* v. *R. R. Co.* 57 N. Y. 196; *Bellerby* v. *Rowland* (1902), 2 Ch. 14; Morawetz, Corp. secs. 113, 115.

2. The contract is both *ultra vires* and void. *Maryland Trust Co.* v. *Mechanics Bank,* 102 Md. 608; *Sawyer* v. *Hoge,* 17 Wall. 610; *Burch's Case,* 33 Am. St. Rep. 331; *Upton* v. *Tubelcock,* 91 U. S. 47; *Sanger* v. *Upton,* 91 U. S. 60; *Coppin* v. *Greenlees & Ransom Co.* 30 Ohio St. 275; *Herring* v. *Ruskin Co-op. Asso.* 52 S. W. 327; *Cartwright* v. *Dickinson,* 88 Tenn. 479; *St. L. Rawhide Co.* v. *Hill,* 72 Mo. App. 148; *Adams & Westlake* v. *Deyette,* 49 Am. St. Rep. 887; *Gill* v. *Balis,* 72 Mo. 424; *Clapp* v. *Paterson,* 104 Ill. 26; Thomp. Corp. § 2054; *Price* v. *Pine Mt. Iron & Coal Co.* 32 S. W. 267; *Crandall* v. *Lincoln,* 52 Conn. 73; *Adler* v. *Mul. Pat. Brick Mfg. Co.* 13 Wis. 57; *Wood* v. *Dummer,* 3 Mason, 308; *Farnsworth* v. *Robbins,* — Minn. —, 31 N. W. 349; *Dartmouth College* v. *Woodward,* 4 Wheat. 636; *German Sav. Bank* v. *Ulfkluhler,* 19 Kan. 60; Beach, Priv. Corp. § 242; Green's Brice, Ultra Vires, 81; Cook, Stockholders, § 309.

*Mr. J. H. Ralston, Mr. F. L. Siddons,* and *Mr. W. E. Richardson,* for the appellee:

1. Unless absolutely forbidden by the law of the incorporation, a corporation has the right to become the purchaser and holder of its own shares. *Commissioners* v. *Thayer,* 94 U. S. 631; *Bank* v. *Salem Capital Flour Milling Co.* 39 Fed. 89; *Porter* v. *Plymouth Gold Min. Co.* 29 Mont. 347, 101 Am. St. Rep. 569; *Mineral Co.* v. *Camden & Driscol,* 106 Va. 663, 117 Am. St. Rep. 1028; *Lumber Co.* v. *Teleph. Co.* 127 Iowa, 350,

109 Am. St. Rep. 387; 2 Thomp. Corp. sec. 2063; *Vent* v. *Duluth Coffee Co.* 64 Minn. 307.

2. If, on the other hand, the contract in question is to be treated as a sale of the defendant's stock, coupled with an agreement on its part to repurchase it, then such agreement is valid unless the law of its corporate existence expressly forbids. *Re Castile Braid Co.* 145 Fed. 224; 2 Purdy's Beach, Priv. Corp. §§ 1284, 1285; *Bank of Columbus* v. *Bruce,* 17 N. Y. 507; *Trustee* v. *Raff,* 176 N. Y. 611; 7 Am. & Eng. Enc. Law, 818.

3. When a corporation repudiates an *ultra vires* contract into which it has entered, there is an obligation to restore what it has received under the contract, and a recovery may be had on an implied contract for money had and received. 1 Clark & M. Priv. Corp. 583 *et seq.; R. R. Co.* v. *St. L. A. & T. R. R. Co.* 118 U. S. 317; *R. Co.* v. *Bridge Co.* 131 U. S. 371; *Transporation Co.* v. *Pullman Palace Car Co.* 139 U. S. 24.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a judgment in the supreme court of the District, under the 73d rule, for $1,000 and accrued interest, in a suit by Leonard A. Lange, the appellee, upon the common counts in assumpsit and the following agreement:

Milwaukee, Wis., May 23, 1908.

The Royal Glue Company of Washington, District of Columbia, agrees to sell to Leonard A. Lange, of Milwaukee, Wisconsin, eight (8) shares of the preferred treasury Royal Glue stock, at one hundred and twenty-five (125) dollars per share, stock fully paid and nonassessable, and agrees to receive in payment therefor a three months' note drawing interest at the rate of 6 per cent per annum, and agrees to renew said note, or any portion of it, at its maturity, provided the maker is unable to pay it, and to this end agrees to advance to the maker a sufficient amount of cash with which to take up said note, should it be deposited in a bank for collection, or held by the Royal Glue Company, or otherwise.

The Royal Glue Company further agrees at any time after the expiration of one year from date hereof, to repurchase from the said Leonard A. Lange, his heirs or assigns, the said eight shares of the preferred treasury Royal Glue stock, at its standard selling price at time of repurchase, and in any event at not less than one hundred and twenty-five dollars per share net cash.

Royal Glue Company,

C. H. Neely,

Gen'l Manager.

In its affidavit of defense, subscribed by its president, the defendant averred that "under the terms of the charter and by-laws of the company, * * * there is no authority given to the defendant corporation to enter into any such agreement as pleaded in said declaration and bill of particulars." It is further averred that the plaintiff is estopped from asserting any rights under said agreement, because he has been paid certain dividends on said shares of stock.

The averment in the affidavit that no authority is to be found in the charter and by-laws of the company to enter into said agreement must be taken to mean that those instruments are silent upon the subject. Appellant, however, here contends that the agreement sued upon is *ullra vires* and void, because, it is insisted, (a) it is an attempt to reduce the capital stock, contrary to law; (b) because the fulfilment of the contract will result in withdrawing from the trust fund of the company that which belongs to all the stockholders and the creditors; and (c) because there is no power given the corporation, under the District laws, to purchase its own stock.

The view we taken of this agreement renders it unnecessary to enter into an extended discussion of corporate powers within this jurisdiction. Generally speaking, a corporation may become the holder of a portion of its own stock, unless prohibited by law. *Johnson County* v. *Thayer,* 94 U. S. 631, 643, 24 L. ed. 133, 135. The contention that a solvent corporation debtor does not stand on the same footing as an individual debtor has not received the sanction of the Supreme Court of the United

States. *Graham* v. *La Crosse & M. R. Co.* 102 U. S. 148, 26 L. ed. 106, was an action by a subsequent creditor to subject certain property alleged to have been wrongfully conveyed by the corporation debtor, to the satisfaction of complainant's judgment, the contention being that a corporation debtor does not stand upon the same footing as an individual debtor; that it is a mere trustee holding its property for the benefit of its stockholders and creditors; and that any failure to assert its rights against third persons constitutes a breach of trust. The court answered: "We do not concur in this view. It is at war with the notions which we derive from the English law with regard to the nature of corporate bodies. A corporation is a distinct entity. * * * When a corporation becomes insolvent, it is so far civilly dead that its property may be administered as a trust fund for the benefit of its stockholders and creditors. A court of equity, at the instance of the proper parties, will then make those funds trust funds, which, in other circumstances, are as much the absolute property of the corporation as any man's property is his."

Again, in *Hollins* v. *Brierfield Coal & I. Co.* 150 U. S. 371, 383, 37 L. ed. 1113, 1116, the court, after reviewing its prior adjudications, said: "In other words, and that is the idea which underlies all these expressions in reference to "trust" in connection with the property of a corporation, the corporation is an entity, distinct from its stockholders as from its creditors. Solvent, it holds its property as any individual holds his, free from the touch of a creditor who has acquired no lien; free also from the touch of a stockholder who, though equitably interested in, has no legal right to, the property. Becoming insolvent, the equitable interest of the stockholders in the property, together with their conditional liability to the creditors, places the property in a condition of trust, first, for the creditors, and then for the stockholders."

The agreement in question must be interpreted as a whole, and, when so interpreted, it becomes apparent that in effect it constitutes nothing more than a conditional sale of stock. A similar agreement was so construed in *Vent* v. *Duluth Coffee*

*& Spice Co.* 64 Minn. 307, 67 N. W. 70. As there pointed out, the provision allowing the return of the stock at the end of the stated period constituted a material and substantial part of the consideration for the signing of the contract by the appellee. As between the original parties, the corporation being solvent and the rights of creditors not being involved, the agreement is enforceable. The sale being a conditional one, the purchaser has merely taken advantage of the option to rescind. This is not an attempt by the corporation to increase or diminish its capital stock, as contemplated by sec. 634 of the Code (31 Stat. at L. 1288, chap. 854). It is, on the contrary, so far as this record discloses, a bona fide attempt on the part of a solvent corporation to sell stock lying in its treasury. The rescission of the agreement leaves the stock where it was.

That appellee would be entitled to receive dividends during the year was as well known to the company as to him. During that time the company was to enjoy the use of the purchase price of the stock, and, presumably, it was thought that one would offset the other. At all events, there is no element of estoppel present in the transaction.

Judgment affirmed, with costs.                    *Affirmed.*