WILLIAM J. BROWNE v. ST. PAUL PLOW WORKS.[1]

July 10, 1895.

Nos. 9490—(230).

**Breach of Contract to Redeem Stock—Damages.**

B. sold and delivered to P., a corporation, certain letters patent for the consideration of the issue and delivery to B. by P. of 60 shares of capital stock, and its agreement to redeem the same in cash at its par value of $3,000 at the end of five years, if so requested by B., which he did, and tendered back the shares of stock, which P. refused to receive, and also refused to pay the sum of $3,000, but retained the letters

---

[1] Reported in 64 N. W. 66.

patent, and made no attempt to rescind the contract, and B. brought suit against P. *Held*, that B. is entitled to recover as his damages the agreed value of the stock, viz. $3,000.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., overruling a demurrer to the complaint. Affirmed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*W. H. Williams,* for respondent.

BUCK, J. On June 13, 1888, in consideration of the issue and delivery to the plaintiff by defendant of 60 shares of its capital stock, and its promise and agreement to redeem said stock at its par value of $3,000 at the end of five years from said June 13, 1888, this plaintiff, by a certain agreement in writing, sold, assigned, and transferred to defendant certain letters patent granted to him by the United States, and which were owned by plaintiff, to wit, letters patent No. 340,551, bearing date April 27, 1886, for an improvement in wheel gang plows, and letters patent No. 335,013, bearing date January 26, 1886, for an improvement in spring cultivators, together with the whole right, title, and interest in and to and under said letters patent, and each of them, for its use to the full end of the term for which said letters patent were granted. The defendant is, and since June 13, 1888, has been, a corporation duly created and organized under the laws of this state for the manufacture of and dealing in plows and all kinds of agricultural implements and machinery, and such other business as may be connected therewith. In pursuance of said agreement, it did issue to plaintiff 60 shares of its capital stock of the par value of $50 per share, and delivered its certificate of stock to plaintiff, and at the same time, and as part of the consideration for the transfer to it of said letters patent, executed an agreement in writing as follows:

"Whereas, the St. Paul Plow Works has assigned to W. J. Browne sixty shares of its capital stock of the par value of fifty dollars ($50.00) per share, in consideration of the transfer by said W. J. Browne to said St. Paul Plow Works of certain patents obtained by him, with the understanding that the said stock is to be redeemed in cash by the St. Paul Plow Works at the expiration of five years from this date, if so requested by said W. J. Browne: Now, there-

fore, in compliance with the above understanding and agreement, and pursuant with the resolutions adopted by the board of directors of the St. Paul Plow Works, this instrument represents and stands for the obligation of the St. Paul Plow Works to redeem said stock at its par value in cash at the expiration of five years from date, if so requested by said W. J. Browne.

"Witness the hand of     S. S. Murdock, President.

"C. J. Gotshall, Secretary.

"Dated St. Paul, Minnesota, this 13th day of June, 1888."

At the expiration of the five years, plaintiff requested the defendant, in writing, to take back and redeem said stock at its par value of $50 per share, and to pay to plaintiff therefor the said sum of $3,000 in cash, and at the same time duly tendered the certificate of stock, and offered to surrender and deliver the same to defendant upon the payment to him of its par value of $3,000. The defendant refused to take back the stock, and refused to redeem the same, or pay plaintiff the value thereof, as agreed upon.

It is evident that the title to the letters patent passed from the plaintiff to the defendant; that it has kept possession of the same; that it has not offered to return them to plaintiff, or in any manner attempted to rescind the sale, nor does it find fault with the condition, value, or character of the property it received. It simply retained it for five years, and now seeks to perpetuate the palpable injustice of still keeping it without paying the consideration agreed upon.

The only error assigned is that the complaint does not state a cause of action; that it only alleges an executory contract upon the part of the defendant to buy the stock in question, and a refusal to perform it; and that it does not state any damages, or facts from which any damages may be inferred, as a consequence of the breach. This is a case of the breach of an executed contract of sale, but unexecuted as to the payment of the agreed purchase price. It is not a case where damages arise for nonperformance of an executory contract where neither side has performed. The plaintiff has performed his part of the contract, and the defendant repudiates it only to the extent that it refuses to pay for the consideration which it has received. By its demurrer it admitted that it pur-

chased the letters patent, in consideration for which it issued $3,000 worth of its stock to the plaintiff, and agreed with him that he might accept it in payment, or, at his election, at the end of five years, he might demand payment of the value thereof, to wit, $3,000, at which time it had agreed to redeem the same at that price in cash.

The allegations in the complaint do not disclose a state of facts which would permit the defendant to rescind, if it wished to do so. As plaintiff has performed his part of the contract, the amount of damages he is entitled to recover is the agreed contract price, viz. $3,000. The payment in stock was a conditional one, but the legal effect of the terms of the contract, so far as concerns the plaintiff, is precisely the same as though the agreement was to pay solely the $3,000 in cash. It was not an optional right of the defendant to pay in stock or as damages the difference between the value of the stock and its agreed price. Its obligation was an absolute one to pay the value of the stock, viz. $3,000, when the plaintiff demanded it at the expiration of five years. It is evident that both parties contemplated at the time of making the contract that the plaintiff should receive the full value of the property which he sold to the defendant, and therefore the power of election of whether he would demand cash or return of the stock was vested in him. If this property depreciated, or became worthless, at the end of five years, it would not be the measure of value of that which the plaintiff should receive, and so the defendant agreed that for $3,000 worth of property, which it received, it would pay an equivalent in the manner stated in the written agreement, viz. redeem it at its par value in cash. While the language, "to redeem said stock at its par value in cash at the expiration of five years from date," in the written instrument, is somewhat ambiguous, yet we construe it to mean, taking the whole instrument together, that the par value of the 60 shares had been agreed upon at the sum of $3,000, and that plaintiff could not claim more nor defendant claim less, because this was the contract price. The following authorities sustain this doctrine: Thompson v. Alger, 12 Metc. (Mass.) 428; Thorndike v. Locke, 98 Mass. 340; Pearson v. Mason, 120 Mass. 53.

The order appealed from is therefore affirmed.