WILLIAM S. VENT and Another v. DULUTH COFFEE & SPICE COMPANY.[1]

May 5, 1896.

Nos. 9820—(42).

**Corporation—Conditional Sale of Stock—Validity.**

> The plaintiff purchased from the defendant corporation a number of shares of its capital stock, by an agreement which provided that at the end of a certain time he could, at his option, return the stock, and receive back the purchase price. Plaintiff exercised the option, offered to return the stock,

[1] Reported in 67 N. W. 70.

and demanded the purchase price. In an action to recover such price, *held*, the agreement is in the nature of a conditional sale, with an option to the purchaser to revoke or rescind, and, as between the plaintiff and defendant, the rights of creditors not being involved, the agreement by the defendant to receive back the stock, and pay back the price thereof, is not ultra vires.

Appeal by defendant from an order of the district court for St. Louis county, Ensign J., denying a motion for judgment notwithstanding the verdict and from an order denying a motion for a new trial. Affirmed.

*Cotton, Dibell & Reynolds*, for appellant.

*Henry S. Mahon* and *J. L. Washburn*, for respondents.

CANTY, J. On April 23, 1894, plaintiffs and the defendant corporation (then called the Smith & Coulter Spice Company) entered into the following agreement: "Parties of the first part [plaintiffs] agree to take five thousand ($5,000) dollars' worth of capital stock of the Smith & Coulter Spice Co.'s stock at par value, to be paid for on or before May 1st, '94, which is to represent one-fourth interest in all assets of the company at this date. Parties of the second part [defendant] agree that on April 1st, 1895, if said parties of the first part are dissatisfied with the said stock or interest in said company, that the said Smith & Coulter Spice Co. will take stock from said parties of the first part, and pay them par value in cash for said stock, or interest in said company; parties of the first part to give notice by April 15th, 1895, and parties of the second part to have 60 days from said notice to pay for said stock." Pursuant to this agreement, defendant issued the $5,000 of its stock to plaintiffs, who paid for the same in full. The name of the defendant has since been changed to the Duluth Coffee & Spice Company. On April 1, 1895, plaintiffs notified defendant that they were dissatisfied with the stock, offered to return the same, and demanded that they be paid the price of the same. On April 14 the demand was renewed, and the stock again offered to defendant. Defendant has not accepted the stock, or paid for the same, and, after the 60 days mentioned in the contract, this action was brought to recover the $5,000 so paid for the stock. On the trial the court ordered a verdict for plaintiffs for the amount claim-

ed. From an order denying its motion for a new trial, defendant appeals.

We are of the opinion that the evidence conclusively establishes all of the foregoing facts, and the only point raised by appellant worthy of consideration is the contention that the part of the contract by which defendant agreed to purchase or accept a surrender of its own stock is ultra vires and void. There is no express provision in its articles of incorporation authorizing defendant to buy or deal in its own stock, and whether an original, independent contract, by which it agreed to purchase its own stock, would be ultra vires, we need not consider. This is not such a case. This provision of the contract constituted a material and substantial part of the consideration and inducement for the purchase of the stock by plaintiffs, and, if the provision is void, it seems to us that it vitiates the whole contract, and is a sufficient reason for the rescission of that contract and the return of the purchase price, which purchase price plaintiffs are demanding. But the better opinion, it seems to us, is that which holds the original contract to be a conditional sale, with the option to revoke or rescind in the purchaser. In Browne v. St. Paul Plow Works, 62 Minn. 90, 64 N. W. 66, we held that a similar contract was not ultra vires. There is no question here as to the rights of creditors.

Order affirmed.