HILSON COMPANY, PROSECUTOR, v. STATE BOARD OF ASSESSORS ET AL.

Argued June Term, 1911—Decided August 31, 1911.

Debenture certificates which are dual in character. viz., certificates both of indebtedness and of stock ownership, and which are issued under the authority conferred by section 18 of the General Corporation act, are properly to be considered as representing stock issued and outstanding, for the purpose of determining the amount of the franchise tax assessable against a corporation.

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, sitting alone, by consent of counsel.

For the prosecutor, *Joseph Kahrs.*

For the state board of assessors, *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ in this case was sued out to review the assessment of a franchise tax for the year 1909 laid against the prosecutor by the state board of assessors. The only question in dispute between the parties is whether the state board properly considered the issue by the company of three thousand debenture certificates, of the par value of $300,000, as outstanding stock of the company in determining the amount of the tax to be assessed against it. The claim on the part of the prosecutor is that these debentures are merely evidences of debt. The claim on the part of the state is that the taxing board properly treated them as certificates of stock.

These debenture certificates, although they recite that the corporation is indebted to the holders thereof in the amount of their face value, disclose on their face that their holders are clothed with rights and privileges which our Corporation act permits stockholders only to enjoy.

The certificate of organization of the company, in compliance with the mandate of section 8 of the Corporation act—which requires such certificates to set forth the total amount of the capital stock of the corporation, the number of shares into which it is divided, and a description of the different classes of stock, if there be more than one class created by the certificate—sets forth that the total amount of the authorized capital stock of the corporation is $1,000,000, of which $400,000 is to consist of "debenture stock."

The certificate "of decrease of capital stock" filed by the cor-

poration in the secretary of state's office not only describes these debentures as stock certificates, but deals with them as representing stock ownership; and provides for the decrease of the company's capital stock by the retirement of twenty-five per cent. of the outstanding issue of debenture certificates. .

The only power to issue certificates such as these debentures which can be found in the Corporation act is contained in section 18, which deals only with the issue of stock.

To hold that these certificates are not evidential of stock ownership in the company, is not only to disregard the provisions expressed in them, but to declare that the act of the corporation in issuing them was not only *ultra vires,* but a fraud both upon its articles of incorporation and upon the statute.

I have no doubt that the action of the state board of assessors in treating these certificates as representing a part of the outstanding stock of the corporation, for the purpose of determining the amount of the franchise tax to be assessed against it, was proper, notwithstanding the fact that the certificates in their form exhibit a dual character, viz., a certificate of indebtedness, and a certificate of stock ownership. I conclude, therefore, that the tax should be affirmed.

It will be so ordered.