## Rider v. The John G. Delker & Sons Company.

(Decided December 1, 1911.)

Appeal from Daviess Circuit Court.

Corporations—Capital Stock Thereof—Liability for Debts of Corporation.—The entire capital of a corporation without regard to any arrangement which may exist between common and preferred stockholders, is at all times subject to and liable for the debts of the corporation, and no part of the capital can be withdrawn from the business until the debts of the corporation are satisfied.

GILBERT HOLBROOK, F. J. LASWELL and SWEENEY, ELLIS & SWEENEY for appellant.

C. S. WALKER and GEO. W. JOLLY for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The John G. Delker & Sons Company is a Kentucky corporation. It has an issue of both common and preferred stock. Under the provisions of the articles of incorporation of said company the preferred stock "shall be subject to redemption by the corporation at its option at any time after five years from the organization of the corporation, upon six months previous notice to the holder or holders of said stock, by the payment of its par value and any accumulated dividends, and any holder of said stock, or any part thereof, shall likewise have the right at any time after five years from the date of the organization of the corporation; to have his stock redeemed upon six months previous notice to the corporation, by the payment to him of its par value and any accumulated dividends." Upon the certificates of preferred stock there is the following endorsement: "The said stock represented by this certificate is subject to redemption by the corporation at its option, at any time after five years from the organization of the corporation, upon six months previous notice to the holder of this certifi-

cate, by the payment of the par value of said stock and any accumulated dividends; and any holder of this certificate shall likewise have the right at any time after five years from the date of the organization of said corporation, to have the stock represented by this certificate redeemed upon six months previous notice to the corporation, by the payment to him of the par value of said stock and any accumulated dividends.''

Ed. Rider was the owner of five shares of the preferred stock in this corporation. He brought a suit in which he sought to recover of the corporation the par value of the five shares of stock held by him, together with the accumulated dividends thereon. He alleged that the notice required by the articles of incorporation had been complied with; and that he was entitled to have the corporation receive his certificate and pay him in cash therefor, as in the contract provided. A demurrer was sustained to this petition; and in the second amended petition he alleged, in substance, that the corporation was hopelessly insolvent; and he asked that a receiver be appointed to take charge of and wind up its affairs. A demurrer was sustained to the petition as amended. He, declining to plead further, it was dismissed. He appeals.

It is insisted for appellee that the notice was insufficient; but from the conclusion which we have reached it is necessary to pass upon this question, as the case must turn ultimately upon the larger question, to-wit, the right of the holder of preferred stock in a corporation to have the corporation return to him his money with interest when the financial condition of the corporation is such that it is unable to pay its debts. This is the real question.

For appellant it is urged that, under the articles of incorporation and by virtue of the endorsement on the certificate of stock which was issued to him, he has a contract with the company which he is entitled to have enforced; that he is in fact a creditor of the corporation. As between appellant and the holders of the common stock in this corporation, he is undoubtedly, by virtue of the provision in the articles of incorporation and endorsement upon this certificate of stock above referred to, entitled to have the relief sought granted, unless the rights of creditors would be affected thereby. The capital of a corporation is the sum total of its stock, whether common or preferred. Certificates of stock are mere

evidences that the holders thereof have invested the sums called for in the certificates in the enterprise. They run the risk of losing their stock if the business is not a success. As between themselves and third persons who deal with the corporation and give it credit, their stock is equally liable., It is only in cases where the corporation is solvent and the rights of creditors will not be injuriously affected thereby that agreements as to preferences among themselves may be enforced. The entire capital, without regard to any arrangement which may exist between common and preferred stockholders, is at all times subject to and liable for the debts of the corporation, and no part of the capital can be withdrawn from the business until the debts of the corporation are satisfied.

In Thompson on Corporations, 2nd Ed., Vol. 4, section 3608, the rights of preferred stockholders, as between themselves and creditors of the company, are fully discussed, and that learned author adopts as the correct rule the opinion of the court in Heller v. National Marine Bank, 89 Md., 606, 73 Am. St., 212. It was there held that, as between creditors and ordinary preferred stockholders, the latter, as owners of the property of an insolvent corporation, are, upon a distribution of its assets, entitled to nothing until its creditors are first fully paid; that no part of the capital stock of a corporation can be withdrawn for the purpose of repaying the principal of the capital until the debts of the corporation are paid; and that ordinary preferred stock has no lien on the property of a corporation. In this State there is no statute giving to the holders of preferred stock a lien upon the property of the company, and hence the stock in question is what is termed by the author "ordinary preferred stock."

The same authority announces the principle that "a preferred stockholder will not be allowed to share in any surplus money in the treasury of the corporation in accordance with an agreement to that effect, where it will work gross injustice to creditors;" and the cases of Culver v. Reno Real Estate Co., 91 Pa. St., 367, and Phillips v. Eastern Railroad Co., 138 Mass., 122, are cited as supporting this view.

In 10 Cyc., 568, preferred stock is defined as "not an indebtedness of the corporation, or an absolute agreement to pay certain dividends upon its shares, but is merely a pledge of its profits in favor of certain shares

in preference to the others, in other words, an agreement to give a preference to particular shares over the other shares in the division of profits, but only in case there shall be profits to divide. Hence if it appears in any case that no profits have been earned the holders of preferred stock cannot maintain actions against the company to enforce payment of the guaranteed dividends.''

And again, on page 575, same volume, we find the following:

''It may be stated generally that preferred shareholders occupy the status of shareholders or members and that their right of preference is only a right of preference in the distribution of dividends over the common shareholders. It seems that such a shareholder has no preference over creditors upon the winding-up of the corporation; but that his rights are to have his preferred dividend, in case there is a surplus which can properly be divided among shareholders, and there can be no such surplus so long as debts of the corporation remain unpaid as they mature.''

In Hamlin v. T. St. L. & R. R. Co., 78 Fed., 670, the distinction between a creditor and a stockholder, whether common or preferred, in a corporation, is thus stated:

''There is a wide difference between the relation of a creditor and a stockholder to the corporate property. One cannot well be a creditor as respects creditors proper, and a stockholder by virtue of a certificate evidencing his contribution to the capital of the corporation. Stock is capital, and a stock certificate but evidences that the holder has ventured his means as a part of the capital. It is a fixed characteristic of capital stock that no part of it can be withdrawn for the purpose of reimbursing the principal of the capital stock until the debts of the corporation are paid. These principles are elementary. * * * The chance of gain throws on the stockholder, as respects creditors, the entire risk of the loss of his contribution to capital. 'He cannot be both a creditor and debtor by virtue of his ownership of stock.' * * * If the purpose in providing for these peculiar shares was to arrange matters so that, under any circumstances, a part of the principal of the stock might be withdrawn before the full discharge of all corporate debts, the device would be contrary to the nature of capital stock, opposed to public policy and void as to creditors affected thereby. * * * If

that was the purpose of this arrangement, most doubtful language was employed. There is a sense in which every shareholder is a creditor of the corporation to the extent of his contribution to the capital stock. In that sense every incorporation includes its capital stock among its liabilities. But that creditor relation is one which exists only between the corporation and its shareholders. It is a liability which is postponed to every other liability, and no part of the capital stock can be lawfully returned to the stockholders until all debts are paid or provided for. The violation of this well understood principle is a breach of trust, and a creditor affected thereby may pursue the stockholders, and recover as for an unlawful diversion of assets. * * * * Although appellants were not creditors proper, yet they show a case, on the face of their certificates, entitling them to a preference over common stockholders in relation to both dividends and capital. Ordinarily preferred stock is entitled to no preference over other stock, in relation to capital. But where there is an expressed agreement giving such a preference, not prohibited by local law nor the charter, we see no reason why it is not a valid contract, as between the corporation and such preferred stockholders, and binding upon the common stockholders.''

To the same effect is Taft v. Hartford, etc., R. R. Co., 8 R. I., 310, 5 Am. Rep., 575.

We are cited to no authority holding to the contrary in any case where preferred stockholders are not by special statute given a lien upon the property of the company; and the Chancellor correctly held that the plaintiff failed to state a cause of action in the petition or either of the amendments offered thereto.

Nor was he entitled, under the prayer of his petition, to have the corporation placed in the hands of a receiver. The allegations on the part of a stockholder that a corporation is insolvent and that it is a losing venture are not sufficient to warrant a receivership, for, as said in Thompson on Corporations, vol. 5, sec. 6346, "in the absence of statutory provisions to the contrary, the mere insolvency of a corporation is not sufficient in equity to authorize the appointment of a receiver, unless there is some evidence of waste, extravagance, carelessness, dissensions, or fraud which gives ground to apprehend that the property will suffer, and there is no reasonable prospect that if let alone the corporation will soon become

safely solvent." There is no charge of fraud, waste, extravagance or mismanagement in the conduct of the business on the part of the company, and in the absence of such a charge the Chancellor would not have been authorized in the appointment of a receiver for the purpose of winding up the affairs of the company.

To the same effect is the text in 10 Cyc., 1305, where it is said:

"In the absence of enabling statutes, courts of chancery have no jurisdiction to decree the dissolution of a corporation; nor as a general rule can such a court, during the life of a corporation, wind up its business and sequestrate its property and effects, on the application of a shareholder as such."

In Worth Mfg. Co. v. Bingham, 116 Fed., 785, a majority of the shareholders of a private corporation prayed its dissolution on the gorund of insolvency, and that its business was being carried on at a loss, the court refused to appoint a receiver with a view to winding up its affairs on the ground that, in the absence of some charge that its officers were guilty of some illegal, fraudulent, or other wrong doing in the conduct of the business, a court of equity was without authority to decree its dissolution. See also, Cronin v. Potter's Co-operative Co., 11 Ohio Dec., 749. The application for a receivership was merely an incident to the relief sought, and the appellant, not being entitled to the relief sought under the original petition, the Chancellor did not err in sustaining a demurrer thereto and in refusing his application for a receiver.

Judgment affirmed.