MARY E. BOOTH v. UNION FIBRE COMPANY.[1]

May 18, 1917.

Nos. 20,234—(75).

**Corporation — redemption of preferred stock.**

A statute of Minnesota authorizes the issuance of preferred stock when the articles of incorporation of a corporation so provide. The articles of the defendant corporation provided for the issuance of preferred stock which should receive such dividends and should be subject to such conditions as the by-laws might prescribe. The by-laws provided that the preferred stock should receive cumulative dividends of a specified percentage, and that it should be redeemed at its full face value, not less than par, with accumulated dividends, at a stated date. This provision was inserted in the stock certificate issued to the plaintiff upon the incorporation of the defendant. It is *held*, without determining whether the transaction was a loan resulting in a debt, that there was an obligation on the part of the defendant to redeem, and, the rights of creditors not being involved, the plaintiff could recover.

Action in the district court for Winona county to recover the value of ten shares preferred stock of defendant corporation and cumulative dividends thereon. From an order, Catherwood, J., overruling its demurrer to the complaint, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.
*Webber & Lees,* for respondent.

DIBELL, C.

Action to compel the defendant to redeem certain of its preferred stock and to pay dividends accumulated thereon. The defendant demurred, its demurrer was overruled, and it appeals.

The defendant was incorporated under the laws of Minnesota in 1906. Its authorized capital stock was $500,000, divided into $300,000 common and $200,000 preferred. Its articles provided that the preferred stock

[1] Reported in 162 N. W. 677.

should receive such dividends and should be subject to such conditions as the by-laws should prescribe. The by-laws provided that the preferred stock should receive a six per cent cumulative dividend, payable semiannually, and that it should be redeemed at its full actual value, not less than par, with accumulated dividends, in 1916. The provision on the face of the stock certificate was of the same effect. The dividends have been paid only in part, and the company refuses to redeem as provided by the by-laws and in the stock certificate.

The statute permits a corporation to issue preferred stock when its articles so authorize. G. S. 1913, § 6193. It does not define preferred stock. By general definition preferred stock is stock entitled to a preference over other kinds of stock in the payment of dividends. The dividends come out of earnings and not out of capital. Unless there are net earnings there is no right to dividends. The stockholder is still a stockholder and not a creditor. He makes a contribution to capital and not a loan. The corporation is not his debtor. There may be a provision, though it is not a usual one, for a preference upon the liquidation of the corporation and the distribution of corporate property among the stockholders. These are the general characteristics of preferred stock. 1 Cook, Corporations (7th ed.) §§ 267-278; 2 Clark & Marshall, Corporations, §§ 413-418; 1 Morawetz, Private Corporations, §§ 456-462; 4 Thompson, Corporations (2d ed.) § 3603; 10 Cyc. 568-577; 6 Words & Phrases, 5500; 3 Words & Phrases (2d series) 1136.

It is very clear that by the transaction the defendant intended to give, and the plaintiff expected to get, more than a preference in the payment of stipulated dividends out of net earnings. There was the definite provision for redemption made when the stock was issued. This is not a case of a corporation purchasing its own stock, or refunding to a shareholder capital unconditionally contributed by him. The agreement to redeem was a material part of the inducement to the shareholder to contribute to the company. In Browne v. St. Paul Plow Works, 62 Minn. 90, 64 N. W. 66, and Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70, we held, in accord with the weight of authority, that an issue of common stock with a condition embodied in an agreement not disclosed in the by-laws or the certificate that the

corporation would repurchase at a stated time was valid, the rights of creditors not being involved. The situation here is much the same, but with the distinction to be noted that the by-laws disclosed the precise undertaking of the corporation. On principle it can hardly be questioned that the agreement for redemption is an obligation of the corporation enforceable between it and its stockholders.

The plaintiff contends, with much force, that the transaction with the defendant was in substance a loan of money resulting in the creation of a debt. The use of the word "stock" or the words "preferred stock" is not controlling. It is the thing and not what it is called that is important. If the transaction resulted in the creation of a debt, it should be so declared, though the plaintiff and the defendant defined it in terms of stock. Burt v. Rattle, 31 Oh. St. 116; Heller, Hirsch & Co. v. National Marine Bank, 89 Md. 602, 43 Atl. 800, 45 L.R.A. 438, 73 Am. St. 212. So when instruments denominated bonds are issued, having the properties of preferred stock and no debt is created, they will be treated in law as preferred stock. Cass v. Realty Security Co. 148 App. Div. 96, 132 N. Y. Supp. 1074; Hilson Co. v. State Board of Assrs. 82 N. J. Law, 2, 80 Atl. 929. We gather the transaction from the complaint. The articles and by-laws are not before us. It may be that the plaintiff is correct in the contention that in substance there was a loan of money from which a debt arose. We do not determine it. In any event there was an obligation valid between the plaintiff and the defendant. If, when the case develops, it appears that in fact a debt was created, the plaintiff will not be precluded from asserting it to be so. The ruling on the demurrer is necessarily the same whether the transaction involved a loan, resulting in a debt, or merely an obligation to redeem valid between the parties.

We therefore hold, the rights of creditors not being involved, that the agreement of the corporation to redeem the stock is valid. We make this limitation because the rights of creditors are not involved. We do not intimate a view that the result would or would not be different if the rights of creditors were involved.

Order affirmed.