## MARY E. BOOTH v. UNION FIBRE COMPANY.[1]

### March 21, 1919.

### No. 21,064.

**Corporation — preferred stock with cumulative dividends — agreement to redeem.**

1. The defendant, a manufacturing corporation under the laws of Minnesota, issued to the plaintiff certain stock designated preferred stock upon which it agreed to pay specified cumulative dividends before anything was paid on the common stock. All dividends paid, after the dividends on the preferred, were paid on all stock without preference. In the event of liquidation, the preferred stock was first paid. It then participated in the assets, if any, after the payment of the common. The preferred stock carried all the rights, powers and privileges of the common stock including voting privileges. The defendant had the option to redeem on a fixed basis after five and within ten years, and agreed to redeem at the end of ten; and the by-laws provided for the creation out of the profits of a sinking fund to meet the redemption. It is *held* that the transaction was not a loan but was the issuance of preferred stock.

**Same — no enforcement of agreement when corporation is insolvent.**

2. Such an agreement to redeem, no sinking fund having been created and there having been no profits out of which to create one, will not be enforced at a time when the corporation is insolvent, and its capital stock depleted, and the necessary effect of a redemption will be to imperil creditors, though the corporation is not in liquidation, and though no creditor is a party.

After the former appeal, reported in 137 Minn. 7, 162 N. W. 677, the case was tried before Callaghan, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

[1] Reported in 171 N. W. 307.

*Webber & Lees,* for appellant.
*Brown, Abbott & Somsen,* for respondent.

DIBELL, J.

The plaintiff brings this action to compel the defendant to redeem certain of its preferred stock and to pay accumulated dividends upon it. This is its second appearance in this court. When here before the sufficiency of the complaint was sustained. Booth v. Union Fibre Co. 137 Minn. 7, 162 N. W. 677. Upon the trial in the district court there were findings for the defendant. The plaintiff appeals from the judgment.

1. The defendant is organized under the laws of Minnesota as a manufacturing corporation. In 1906 it issued to the plaintiff so-called preferred stock. On the former appeal the contention of the plaintiff was, and it is now, that the transaction constituted a loan. The defendant then claimed and now claims that the transaction made the plaintiff a preferred stockholder. We did not determine whether the transaction was a loan or the issuance of preferred stock; but we held that, whatever it was, there was, under the allegations of the complaint, an obligation resting on the defendant, the rights of creditors not being affected, to redeem the stock.

Upon the facts now before us it is clear that the transaction was not a loan. The articles provided for a capitalization of $500,000 of which $200,000 was preferred stock and $300,000 common. The articles and by-laws provided in substance that the preferred stock should have the rights, powers and privileges, including voting rights, of the common stock. All dividends paid, after the payment of the dividends guaranteed on the preferred stock, were paid on all stock without preference; that is, the preferred stock participated equally with the common stock. In the event of liquidation, the preferred stock was to be first paid. The common stock was next paid. If there remained a surplus it was to be distributed ratably among preferred and common stock. A fixed 6 per cent dividend was guaranteed on the preferred stock before anything was paid on the common. An option was given the defendant to redeem at any time between April 1, 1911, and March 31, 1916, on a fixed basis. The defendant agreed to redeem, on a basis here-

inafter mentioned, on April 1, 1916, and there was a provision for the creation out of profits of a sinking fund to meet the anticipated redemption.

The features which we have noted definitely characterize the transaction. There was not a loan. The plaintiff contributed to the capital. She was not a lender. The stock was preferred stock. Smith v. Southern Foundry Co. 166 Ky. 208, 179 S. W. 205; Hewitt v. Linnhaven Orchard Co. (Ore.) 174 Pac. 616; In re Fechheimer Fishel Co. 212 Fed. 357, 129 C. C. A. 33; Ellsworth v. Lyons, 181 Fed. 55, 104 C. C. A. 1; Weaver Power Co. v. Elk, etc., Co. 154 N. C. 76, 69 S. E. 747; Cass v. Realty, etc., Co. 148 App. Div. 96, 132 N. Y. Supp. 1074; Kain v. Angle, 111 Va. 415, 69 S. E. 355; Hamlin v. Toledo, etc., R. Co. 78 Fed. 664, 24 C. C. A. 271, 36 L.R.A. 826; Hilson Co. v. State Board, 82 N. J. Law, 80 Atl. 929; 10 Cyc. 568; 6 Words & Phrases, 5500; 3 Words & Ph. (2d Series) 1136; 1 Cook, Corp. § 267, et seq.; 1 Morawetz, Priv. Corp. § 456, et seq.; 2 Clarke & M. Priv. Corp. § 413, et seq.

2. Section 26 of the by-laws provides:

"The preferred stock shall be issued as and when the board of directors shall determine, and shall entitle its holders to receive and the corporation shall be bound to pay thereon a dividend at the rate of six per cent per annum, cumulative from the date of its issue, payable semiannually, before any dividend shall be set apart or paid on common stock.

"After payment of such dividend on the preferred stock, the company shall, on April 1st of each year, set apart, out of the net earnings of the company, an amount equal to not less than ten per cent of the then outstanding preferred stock, and pass to and carry same as a sinking fund to be used for the redemption of preferred stock, as herein specified; provided, that in the event that there shall be, at any time, not sufficient earnings to pay the semi-annual dividends on such preferred stock, then, in the discretion of the board, the same may be paid out of such sinking fund."

Section 28 of the by-laws provides:

"All preferred stock shall be redeemed by the company at its full actual value, but not less than par value, with all accumulated dividends, on April 1, 1916."

The certificates of preferred stock, the form of which was approved by corporate action, contained the provisions for redemption incorporated in the by-laws.

The provisions quoted are those upon which the plaintiff bases her right of recovery on the agreement for redemption and the payment of cumulative dividends.

On the former appeal we held, having before us only the facts stated in the complaint, that the agreement to redeem was valid, the rights of creditors not being affected, and likened the situation to that involved in Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70, and Browne v. St. Paul Plow Works, 62 Minn. 90, 64 N. W. 66.

All the facts are now before us. The defendant refuses to redeem. It did not create a sinking fund. Its profits never permitted. It paid dividends until April 1, 1912. Since then none have been declared. There are no profits furnishing a basis for the declaration of dividends. The assets of the company are $357,000 and its liabilities are $493,000. Its preferred stock is all issued. It is insolvent within the definition of the bankrupt act.

There may be force in the argument that in view of the provision for the creation of a sinking fund, and the general scheme of the corporation's organization, it was not intended that there should be a redemption unless conditions permitted the creation of such a fund, or that a redemption cannot be made unless there are profits applicable thereto. These questions have not been thoroughly considered, and we proceed upon the assumption, favorable to the plaintiff, that the obligation to redeem exists unless the insolvency of the defendant and the depletion of its stock and the resultant peril to creditors prevent.

If the defendant were in liquidation as an insolvent the preferred stock could not participate in the assets until creditors were paid. This is the necessary result of holding that the transaction was not a loan. The by-laws seem to recognize this, and in any event the conclusion is unavoidable. The owners of preferred stock, of the character issued by the defendant, are not on an equality with creditors in the distribution of corporate assets.

No creditor is a party and the company is not in liquidation. We meet the precise question whether the company, not having created a

sinking fund and not having had profits with which to create one, may defend against its promise to redeem, when it is insolvent, as is the defendant, and its capital stock is depleted, at the time it is sought to be enforced, though it is not in liquidation, and when the necessary effect of a redemption is to imperil the rights of creditors, though creditors are not parties.

The question has not often arisen. It is directly or substantially held in well considered cases that the obligation of the corporation to redeem will not be enforced after it has become insolvent and its capital stock depleted, and its refusal will not in such a situation constitute a breach of its agreement to redeem, though it is not in liquidation, and though no creditor is asking relief. McIntyre v. E. Bement's Sons, 146 Mich. 74, 109 N. W. 45, 10 Ann. Cas. 143; Rider v. John G. Delker & Sons Co. 145 Ky. 634, 140 S. W. 1011, 39 L.R.A.(N.S.) 1007; Rowan v. Texas, etc., Co. (Tex. Civ. App.) 181 S. W. 871; Smith v. Southern Foundry Co. 166 Ky. 208, 178 S. W. 205. Some are put upon the ground that the promise to redeem is conditional on the solvency of the corporation when the time to redeem comes; or that preferred stockholders are not entitled as against creditors to prior payment except from profits; or that the property of the corporation cannot lawfully be used in retiring stock when debts exist and insolvency is impending; or loosely upon the ground that a payment to stockholders in such a situation is against public policy. Such holdings harmonize with G. S. 1913, § 6450, which is directed against the distribution of the assets of a manufacturing corporation until the creditors are paid, or the payment of a dividend when the corporation is insolvent. We accept the doctrine of these cases as sound and applicable, and hold that under the circumstances disclosed by the record the plaintiff is not entitled to recover.

Judgment affirmed.