## M. M. GASSER v. GREAT NORTHERN INSURANCE COMPANY.[1]

### February 27, 1920.

### No. 21,564.

**Corporation — issue of stock on condition construed.**

1. An issuance of stock by a corporation, with a stipulation that, in the event of failure of the corporation to move its general offices, the transaction shall be null and the money refunded, is a sale of the stock with an option to return upon failure of the condition. The subscriber's remedy on such failure is to return the stock and demand a return of his money.

[1] Reported in 176 N. W. 484.

**Same — ratification of unauthorized promise of salesman.**

2. A stock salesman has no implied authority to assent to such a condition, but, where he undertakes to do so, and the corporation, with knowledge of the facts, claims the benefit of the subscription, it ratifies his act.

**Same — principal place of business — change permissible.**

3. It is not ultra vires or against public policy for a corporation to move its principal place of business, or to stipulate that a subscription shall be void in event of its failure to do so.

**Same — rescission of sale upon condition.**

4. A corporation may, on a sale of its stock, no rights of creditors being involved, stipulate for a right of rescission on certain conditions.

**Question for jury.**

5. Under the evidence, the question whether plaintiff waived such a condition, was one of fact for the jury.

**Document beyond the jurisdiction — best and secondary evidence.**

6. Where a document is beyond the jurisdiction of the court, and not in the custody or control of a party, some effort should be made to produce it before offering secondary evidence, the nature of the effort depending on the circumstances of the case. The matter is left to the discretion of the trial court, as are other questions pertaining to the sufficiency of the foundation for reception of secondary evidence. There was no abuse of discretion in this case in receiving secondary evidence of a document in the possession of a third party out of the state and who had declined to produce it except on certain unwarranted conditions.

Action in the district court for St. Louis county to recover $5,000 paid for 200 shares of capital stock in defendant company. The case was tried before Cant, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony plaintiff's motion for a directed verdict, and a jury which returned a verdict for $5,070.83. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Courtney & Courtney, Lewis A. Stebbins* and *Paul E. Price,* for appellant.

*H. J. Grannis,* for respondent.

HALLAM, J.

1. Defendant is an insurance corporation with its principal office in St. Paul. Plaintiff is a business man in Duluth. On June 22, 1917, plaintiff subscribed for 200 shares of stock in defendant company, on solicitation of L. C. Connor, a stock salesman. At the time of making the subscription, plaintiff received a receipt for money paid, signed by Connor, and written into it was a stipulation which plaintiff testified read as follows: "That it is here specifically agreed and understood, that in the event the Great Northern Insurance Company fails to locate its general offices in Duluth * * * this contract shall become null and void, and the money refunded to me." Defendant's general offices were never located in Duluth. After waiting about a year, plaintiff tendered a return of his stock, and demanded a return of his money. This being refused, he commenced this action to recover the amount paid. He had a verdict and defendant appeals.

We regard this transaction as an executed sale of stock, with an option to return the same upon failure of the stipulated condition. Ophir Consol. Mines Co. v. Brynteson, 143 Fed. 829, 74 C. C. A. 625.

Plaintiff's remedy upon failure of the condition was, not to recover damages, but to exercise his option to return the stock and demand a return of his money. Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70; Lyons v. Snider, 136 Minn. 252, 161 N. W. 532; Matson v. Bauman, 139 Minn. 296, 166 N. W. 343.

2. Defendant contends that Connor had no authority to assent to such a condition attached to a subscription, and that the condition is therefore void and the subscription absolute. That Connor had no such authority is clear. But it does not follow that the subscription is therefore absolute.

In the first place this conditional contract was the only contract to which plaintiff ever assented. If the company never assented to it, there was no meeting of the minds at all. Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70; Anderson v. Johnson, 74 Minn. 171, 77 N. W. 26.

Again, the evidence is clear that the company had notice of this condition before it delivered the stock. By delivering the stock, and by now claiming the benefit of the subscription, defendant has ratified Connor's

act. Defendant could not accept the benefit of Connor's action in its behalf, and at the same time repudiate the means by which it was accomplished. Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 286, 130 N. W. 1110. It could not affirm in part and disaffirm in part. By ascepting the benefit of Connor's acts it ratified in toto. Nye v. Swan, 49 Minn. 431, 435, 52 N. W. 39.

3. Defendant contends that an agreement by a corporation to move its principal place of business is ultra vires and against public policy, because a change of place of business of the corporation can be accomplished only by a vote of the stockholders, and that the condition being one which would have involved the corporation upon a course of procedure in violation of law and in excess of its charter powers, the condition necessarily must be disregarded and the subscription deemed absolute.

It is not in any sense ultra vires, against public policy or contrary to law, for a corporation to move its principal place of business from one city to another. We see no reason why, by authority of a vote of the stockholders, it might not agree to do so. G. S. 1913, § 6185. A stock salesman could not make such an agreement, nor could an officer of the corporation, unless properly authorized. The stipulation made with plaintiff did not purport to agree that the corporation would move its place of business. It merely stipulated that the subscription of plaintiff was to be absolute only in the event that the corporation should take such action. The action being such as the corporation might, upon proper procedure, lawfully take, the condition was not unlawful or void.

4. Under decisions in some states a corporation may not, on a sale of its stock, give a right of rescission or return, Civil Service Inv. Assn. v. Thomas, 138 Tenn. 77, 195 S. W. 775; Interstate Grocer Co. v. Taylor, 200 Mo. App. 205, 204 S. W. 408, but the rule is settled in this state that, where no right of creditors is involved, a corporation may do so. Vent v. Duluth Coffee & Spice Co. 64 Minn. 307, 67 N. W. 70.

5. Defendant contends that plaintiff waived this condition, that, a month after this stipulation was made, he accepted unconditionally a delivery of the stock, and surrendered the receipt which contained this condition. The evidence on this point is in conflict. Plaintiff's testimony is to the effect that he did not so accept the stock, and that he did

not knowingly surrender the receipt. The jury found for plaintiff. There is evidence to sustain the finding.

6. The receipt was not produced. Plaintiff was permitted to give oral evidence of its contents. The receipt was in Des Moines in the custody of W. A. Matthews, formerly a stock selling agent for defendant. Matthews' place of business was in Omaha. He was in Duluth at the trial and testified on the trial. There is evidence that plaintiff had asked Matthews for the receipt some time before the trial and that he had refused to produce it, except for a money consideration. Plaintiff might have taken Matthews' deposition, but the production of the receipt would have been optional with him. The showing is that Matthews was not disposed to produce it.

As to what foundation is necessary to warrant the reception of secondary evidence of a document, which, at the time of the trial, is beyond the jurisdiction of the court, the courts are not agreed. Some hold that secondary evidence is admissible on a mere showing that the original is out of the jurisdiction. Others hold that this fact alone is not sufficient, but that some effort must be made to produce it. All are agreed that if the document is part of the record of a foreign court, or if it belongs in any public office of another jurisdiction, secondary evidence may be received. The whole subject is discussed, and the authorities are reviewed, in Federal C. Co. v. Jennings, 112 Miss. 513, 73 South. 567, L.R.A. 1917D, 529, note p. 530 and in 2 Wigmore, Evid. §§ 1213, 1218.

It was said in Kleeberg v. Schrader, 69 Minn. 136, 140, 72 N. W. 59, that the contents of a written instrument beyond the jurisdiction of the court, and not in the control or custody of a party, may be proved by secondary evidence. The instrument there referred to was in the custody of the ducal court of Holzminden in Germany. This fact alone put the question beyond doubt.

In Humphrey v. Monida & Y. Stage Co. 120 Minn. 94, 139 N. W. 132, it was intimated that a carbon copy of an agreement might properly have been offered in evidence "either as original or secondary evidence; the original being out of the jurisdiction of the court and in possession of a stranger to the action." There had been a showing of diligence which the court said made "a question addressed to the discretion of the trial

judge," and there was also an intimation that the carbon copy was in fact an original.

In Wood v. Cullen, 13 Minn. 365 (394), it was said that the fact that a document is shown to have been last in the hands of some person without the state, does not excuse diligent effort to procure it, but the document was traced into the hands of the opposite party.

These decisions are none of them decisive of the main question above stated. We think the better rule is that the mere fact that a document is without the state, and in the possession and control of one not a party, is not alone sufficient to permit secondary proof. Some effort should be made to produce it. The nature of the effort depends on the circumstances of the case. Such a document may sometimes be easily and quickly procured upon request. Original documentary evidence should be produced where it reasonably may be. The matter should be left to the discretion of the trial court, 2 Wigmore, Evid. § 1213, as are other questions pertaining to sufficiency of the foundation for reception of secondary evidence. There was no abuse of discretion in this case.

Order affirmed.