## In re HICKS–FULLER CO.

## BOLTON et al. v. BRITTON.

(Circuit Court of Appeals, Eighth Circuit. November 11, 1925.)

No. 6851.

1. **Bankruptcy** ⟷345—**Rights of preferred stockholders in corporation's assets are subject to all debts of corporation, including general creditors.**

Rights of preferred stockholders in corporation's assets are subject to all the debts of the corporation, including general creditors.

2. **Bankruptcy** ⟷345—**Creditor of corporation may contract to give precedence to ordinary creditors, without being stockholder.**

Finding that claimants were creditors of bankrupt corporation junior to general creditors *held* not necessarily to mean that creditors were stockholders, since creditor may by contract bind himself to give precedence to ordinary creditors.

3. **Bankruptcy** ⟷345—**Instruments having attributes of preferred stock construed as stock, unless contrary intention clearly appears.**

Instruments having attributes commonly attached to preferred stock as such will, where rights of creditors are involved, be construed as stock, unless contrary intention clearly appears.

4. **Bankruptcy** ⟷345—**Certificate issued by corporation held to give holder status of preferred stockholder.**

Where certificate issued by bankrupt corporation recited that holder was owner of shares of preferred stock of limited voting power, with priority over common stock, in payment of dividends and principal, and payment of dividends was confined to net earnings, *held*, that holder was preferred stockholder, and not ordinary creditor.

5. **Bankruptcy** ⟷345—**Articles of incorporation held competent to prove meaning and legal effect of certificates purporting to be issued under such articles.**

Bankrupt corporation's articles of incorporation were competent evidence to prove meaning and legal effect of certificates issued by corporation, which on their face purported to be issued under such articles.

Appeal from the District Court of the United States for the Northern District of Iowa; James D. Elliott, Judge.

In the matter of the Hicks-Fuller Company, bankrupt, wherein C. W. Britton was appointed trustee. From a decree affirming a finding of the referee that claimants, J. H. Bolton and others, were creditors whose claim was junior to that of general creditors, said claimants appeal. Affirmed.

Peter Balkema, of Sioux City, Iowa, for appellants.

George Jepson, of Sioux City, Iowa (B. W. Rosenstone, of Chicago, Ill., and William Milchrist, of Sioux City, Iowa, on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an appeal by claimants against a bankrupt estate. The trial court affirmed a finding of the referee to the effect that claimants were creditors whose right to payment was junior to that of general creditors. Appellants object to this inferior position of payment accorded them and claim the status of general creditors.

These claims are based upon instruments which are in form as follows:

"Incorporated under the Laws of the State of Iowa.

"Number ———. Series ———. Shares ———.

　"Hicks-Fuller-Pierson Company.

　"Authorized Capital Stock
"Common　　$150,000.00
"Preferred　　$150,000.00

　　　　"Sioux City, Iowa.

"This certifies that ——— is the owner of ——— shares of the preferred capital stock of the Hicks-Fuller-Pierson Company of Sioux City, Iowa, par value one hundred dollars per share, fully paid up in cash and nonassessable, transferable only on the books of the corporation, in person by proxy. The voting power of the preferred stock is limited by the election of two directors to represent said stock upon the board of directors, and voting upon any amendments proposed to the Articles of Incorporation.

"Article III of the Articles of Incorporation of said company provides that the preferred stock of said corporation shall be issued in ten series of 150 shares each; the certificates representing the first series to be marked Series A, those representing the second series to be marked Series B, and so on in consecutive alphabetical order or as issued from the letter A to J inclusive; that the preferred stock shall have preference and priority over the common stock in the payment both of dividends and principal; that the cumulative dividends at the rate of 7 per cent. per annum, payable semiannually will be paid on preferred stock; 3½ per cent. on July 15th, and 3½ per cent. on January 15th, of each year from the net earnings of the business; that on January 15,

1916, said corporation shall redeem and retire Series A of its preferred stock at its par value plus the accrued cumulative dividends thereon and on January 15, 1917, it shall so redeem and retire Series B and so on in constructive alphabetical order until all the ten series shall be retired, with the right in said corporation to redeem and retire all of its preferred stock at any time after January 1, 1915, at its par value and the accrued accumulative dividend thereon.

"In witness whereof, the duly authorized officers of said corporation have hereunto subscribed their names, and caused the corporate seal to be affixed hereunto, at Sioux City, Iowa, on this ———— day of ————, A. D. 19—.

"————————, President.
"————————, Secretary."

The contentions, as here presented, are as follow: Appellants contend that they loaned money to the corporation upon the contract contained in these certificates and are general creditors; the trustee contends that the claimants are preferred stockholders. [1, 2] Of course, if appellants are merely preferred stockholders their rights would be subject to all debts of the corporation, including general creditors. But it is not necessary for appellants to be stockholders to place them after general creditors · in the payment of their claims. They can be creditors, as distinguished from stockholders, and yet have no right to payment, in case of insolvency of the corporation, until after general creditors have been paid in full. The finding of the referee, affirmed by the court, was that the claimants were "creditors of the bankrupt corporation" junior, in right of payment, to general creditors. Appellants seem to assume that this amounted to a finding that claimants were stockholders. This is not necessarily true. It is entirely possible for a creditor, either through the contract giving rise to the indebtedness or through some other contract affecting his status or governing his rights, to bind himself to give precedence to ordinary creditors. That is the view of the court in the case of Wright v. Johnston, 183 Iowa, 807, 167 N. W. 680, upon which appellants most rely for a reversal here. The opinion in that case in addition to citations and quotations contains (at page 682 [183 Iowa, 813]) the clear statements following:

"What the certificates are, as evidenced by their terms and the articles of incorporation authorizing their issuance, and not what they are denominated, must determine their character. It may be that as between shareholders and the corporation one class, as those having preferred stock, may be accorded preferences, as that dividends be first paid from the profits, and, if profits are not sufficient for this purpose, cumulated dividends be first paid from the assets on liquidation after satisfaction of all indebtedness, and even that the par value be returned to preferred shareholders before any of the assets are distributed to the holders of common stock. Hamlin v. Ry. Co., 78 F. 664, 24 C. C. A. 271, 36 L. R. A. 826; Lockhart v. Van Alstyne, 31 Mich. 76, 18 Am. Rep. 156; Miller v. Ratterman, 47 Ohio St. 163, 24 N. E. 496; Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769; Wilson v. Parvin, 119 F. 652, 56 C. C. A. 268; In re Espuela Land & Cattle Co. [1909] 2 Ch. D. 187.

"It is largely a matter of contract, and in the absence of statutory limitations it seems that any condition may be included in one class of stock which does not tend to impair the corporate capital available for the satisfaction of creditors. The amendment to the articles under consideration and the preferred stock issued in pursuance thereof does this very thing."

And again (at page 682 [183 Iowa, 814]), in the same connection:

"The only risk taken is that of his stock being retired at the option of the company or on his election before the corporation has become insolvent. The attitude of the preferred shareholders on these conditions is that of creditor. He invests his money, is assured a fixed rate of interest, and may enforce repayment of the money with interest on specified notice. The only possible gain is the rate definitely fixed. The only risk is possibility of a shareholder's liability in event of insolvency before he is repaid voluntarily or according to the terms of the amendment to the articles."

The other case (Allen v. Northwestern Mfg. Co., 189 Iowa, 731, 179 N. W. 130), stressed by appellants, in no way affects the above doctrine quoted from the former Iowa Case. That case did not involve the rights of creditors but was between the certificate holder and the corporation. The decision in a controversy between such holder and the corporation is not in point where the rights of general creditors of the corporation are involved. Armstrong v. Union Trust & Savings Bank, 248 F. 268, 271, 160 C. C. A. 346 (9th Cir.).

[3, 4] Examination of the above instrument upon which these claims are founded, reveals

many attributes and qualities commonly attaching to preferred stock as such. It is also a rule of construction that an instrument having such attributes will, where the rights of creditors are involved, be construed as stock unless it clearly appears that a different intention was present in the minds of the contracting parties. Warren v. King, 108 U. S. 389, 396, 398, 2 S. Ct. 789, 27 L. Ed. 769; Guaranty Trust Co. v. Galveston City Railway Co. (5th Cir.) 107 F. 311, 318, 46 C. C. A. 305. Applying this rule of construction to this instrument, the conclusion would seem to follow that the claimants are stockholders instead of creditors. The only preference given them is that they "shall have preference and priority over the *common stock* in payment both of dividends and *principal.*" Also, the payment of dividends is expressly confined to the "net earnings of the business" (Hamlin v. Toledo, St. L. & K. C. R. Co. (6th Cir.) 78 F. 664, 669, 24 C. C. A. 271, 276 (36 L. R. A. 826); Ellsworth v. Lyons (6th Cir.) 181 F. 55, 59, 104 C. C. A. 1). These provisions, apparently, would exclude the thought of a contracted preference over or a parity with ordinary creditors. But whether this is sufficient to confine such claimants to the status of stockholders or not, there is no suggestion in the certificates that they are to be given the status of ordinary creditors; and even if they were given the full standing accorded by the Wright Case they would, under the decision in that case, be in no such position. [5] Parts of the articles of incorporation, not set out in the above certificate, were introduced in evidence. To the introduction of this evidence, appellants objected. The evidence was competent. The status of these claimants depended upon instruments, on their face, issued under and in accordance with the articles of incorporation. The meaning and legal effect of those instruments being in question, no evidence could be more natural or useful than those provisions of the articles of incorporation under which they were issued which bear upon the character of such instruments. Wright v. Johnston, 183 Iowa, 807, 813, 167 N. W. 680, 682. This evidence confirms the above conclusion as to the character of these certificates. It shows that they were to be paid, both income and principal, only from a fund subject to dividend application, that is, from a fund which would not affect the rights of creditors.

In the above discussion, we have taken it for granted that we should apply the local law of the state of Iowa. If this point is to be determined on general principles, we think these claimants should be held to be stockholders, both as a matter of reasoning and of authority. Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769; Spencer v. Smith (8th Cir.) 201 F. 647, 120 C. C. A. 75; Armstrong v. Union Trust & Savings Bank (9th Cir.) 248 F. 268, 160 C. C. A. 346; Ellsworth v. Lyons (6th Cir.) 181 F. 55, 104 C. C. A. 1; Guaranty Trust Co. v. Galveston City Ry. Co. (5th Cir.) 107 F. 311, 46 C. C. A. 305; Hamlin v. Toledo, St. L. & K. C. R. Co. (6th Cir.) 78 F. 664, 24 C. C. A. 271, 36 L. R. A. 826; Booth v. Union Fibre Co., 142 Minn. 127, 171 N. W. 307.

The question of estoppel has no place in this case. The rights of the parties depend upon the construction of a written instrument and there is no evidence of any action on one side inducing or on the other in reliance upon any particular construction.

The decree should be and is affirmed.